# EXHIBIT 2

**Proposed Order Granting Preliminary Injunction**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>                Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC; JAVIER TORRES; JAVIER TORRES, JR.; DORA DILLMAN; NATALIA TORRES; PAULINA TORRES; ALLEGHENY EAST CONFERENCE CORPORATION OF SEVENTH DAY ADVENTISTS dba COMMUNITY SEVENTH-DAY ADVENTIST CHURCH dba EBENEZER II SPANISH SEVENTH-DAY ADVENTIST CHURCH dba ENGLEWOOD SPANISH CHURCH; and JOHN DOES 1-100,<br><br>                Defendants. | Adv. Pro. No. 23-_____-JKS |

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

### ORDER GRANTING THE LIQUIDATION TRUSTEE'S EMERGENCY APPLICATION FOR PRELIMINARY INJUNCTION

Upon consideration of the emergency application (the "Application")[2] filed by the AIRN Liquidation Trust Co., LLC, solely in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the bankruptcy of AIRN Liquidation Trust for entry of a preliminary injunction (i) barring the Defendants from selling, assigning, transferring, encumbering, or otherwise disposing of the Atlantic Highlands Property, the funds and accounts holding and constituting the Fraudulent Transfers set forth in the Complaint (**Exhibits A** and **B** thereto), and certain funds held in various accounts identified on the Complaint (*see*, **Exhibit C**) and through a pre-judgment asset freeze; (ii) compelling Defendants to provide an accounting of all funds or property transferred and payments made to them by or for the benefit of the Debtors prior to the Petition Date. The Court enters this Order after considering the entire record before this Court, and more specifically, finds and concludes as follows:

    A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408; 1409.

    B. Pursuant to Section 105 of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rule, this Court finds it appropriate to enter a preliminary injunction enjoining Defendants from selling, assigning, transferring, encumbering or otherwise disposing of the Atlantic Highlands Property and the Fraudulent Transfers set forth on **Exhibit 3, Exs. A and B** and certain funds held in various accounts identified on **Exhibit 3**, **Ex. C** through a pre-judgment asset freeze; and compelling Defendants to provide an accounting of all funds or property transferred and payments made to them by or for the benefit of the Debtors prior to the Petition Date.

---

[2] Capitalized terms used but not defined in this Order have the meanings set forth in the Application.

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D. Notice of the Complaint and Application was sufficient under the circumstances.

E. Plaintiff has established a substantial likelihood of success on the merits of the Complaint.

F. Absent a preliminary injunction order restraining the Defendants from selling, assigning, transferring, encumbering, or otherwise disposing of the Atlantic Highlands Property, the funds and accounts holding and constituting the Fraudulent Transfers set forth in the Complaint (**Exhibits A** and **B** thereto), and certain funds held in various accounts identified on the Complaint (*see*, **Exhibit C**), affixed hereto, and through a pre-judgment asset freeze Plaintiff will continue to suffer irreparable harm.

G. The potential harm to Plaintiff absent this preliminary injunction order outweighs any harm to Defendants from the relief provided herein.

H. The public interest is supported by this preliminary injunction order.

I. It appears substantially likely that the funds subject to this Order and identified in the Application were fraudulently transferred.

J. The legal and factual bases set forth in the Application, the Complaint, and other supporting papers, establish just cause for the relief granted herein. Based on my findings, it is hereby ORDERED that:

1. The Application's request for a preliminary injunction as set forth herein is granted.

2. Defendants are compelled to provide an accounting of all funds and/or property transferred, and payments made to them by or for the benefit of the Debtors prior to the Petition Date.

3. Each of the Defendants, their agents and assigns are barred and prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the following with respect to each Defendant:

    a. Media Effective is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds listed on **Exhibit 3, Exs. A-C**.

    b. Javier Torres is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds listed on **Exhibit 3, Exs. A-C**.

    c. Dora Dillman is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to her, whether solely or in any join capacity with her husband Javier Torres, listed on **Exhibit 3, Exs. B-C**.

    d. Natalia Torres is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to her listed on **Exhibit 3, Exs. B-C**.

    e. Paulina Torres is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to her listed on **Exhibit 3, Exs. B-C**.

    f. Allegheny East Conference Corporation of Seventh Day Adventists is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to Englewood Spanish Church listed on **Exhibit 3, Ex. B-C**.

    g. Community Seventh-Day Adventist Church is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to Englewood Spanish Church listed on **Exhibit 3, Ex. B-C**.

    h. Ebenezer II Spanish Seventh-Day Adventist Church is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to Englewood Spanish Church listed on **Exhibit 3, Ex. B-C**.

    i. Any Defendant is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the property located at 148 Bayside Drive, Atlantic Highlands, New Jersey 07716.

4. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the Trustee is relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

5. The Liquidation Trustee shall serve a copy of this Order on the Defendants within five (5) days.

6. This Order shall be effective immediately upon entry and shall remain in effect throughout the pendency of this proceeding.

7. The Court retains jurisdiction over this Order and the relief granted herein.