Order Filed on November 22, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**NATIONAL REALTY INVESTMENT ADVISORS, LLC,** *et al.,*[1]<br><br>                 Debtors. | Case No.:    22-14539<br>Chapter:     11<br>Judge:       John K. Sherwood |
| **AIRN LIQUIDATION TRUST CO., LLC,** in its capacity as Liquidation Trustee of the **AIRN LIQUIDATION TRUST,**<br>                 Plaintiff,<br>      v.<br>**MEDIA EFFECTIVE LLC,** *et al.,*<br>                 Defendants. | Adv. Pro. No.:   23-1335-JKS |

## TEMPORARY RESTRAINING ORDER

The relief set forth on the following pages, numbered two (2) through four (4), is **ORDERED**.

**DATED: November 22, 2023**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtor's claims and noticing agent at https://omniagentsolutions.com/NRIA.

Upon consideration of the emergency application (the "Application")[2] filed by the AIRN Liquidation Trust Co., LLC, solely in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the AIRN Liquidation Trust for entry of a temporary restraining order, the Court finds and concludes on a preliminary basis and without prejudice to the Defendants' rights to challenge the same, as follows:

    A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408, 1409.

    B. Pursuant to Section 105 of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rule, this Court finds it appropriate to enter a temporary restraining order enjoining the Defendants from selling, assigning, transferring, encumbering, or otherwise disposing of the Atlantic Highlands Property, the funds and accounts holding and constituting the alleged Fraudulent Transfers set forth in the Complaint at Exhibits A and B, and certain funds held in various accounts identified in the Complaint at Exhibit C, and compelling Defendants to provide an accounting of all funds or property transferred and payments made to them by or for the benefit of the Debtors prior to the Petition Date.

    C. Notice of the Complaint and Application was sufficient under the circumstances.

    D. Plaintiff has established a likelihood of success on the merits of the Complaint, though the Court acknowledges that the Defendants have not yet had the opportunity to respond to the Complaint. The potential harm to Plaintiff absent this temporary restraining order outweighs any harm to Defendants from the relief provided herein, which is intended to preserve the status quo pending a full hearing on the issuance of a preliminary injunction.

    E. The public interest is supported by this temporary restraining order.

---

[2] Capitalized terms used but not defined in this Order have the meanings set forth in the Application.

It is hereby ORDERED that:

1. The Applicant's request for a temporary restraining order as set forth herein is granted.

2. Defendants shall provide an accounting of all funds or property transferred and payments made to them by or for the benefit of the Debtors prior to the Petition Date.

3. Each of the Defendants, their agents and assigns are prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the following with respect to each Defendant outside of the ordinary course, but Defendants may use the funds for the payment of ordinary and necessary business expenses or living expenses:

    a. Media Effective is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds listed on **Exhibits A – C** of the Complaint.

    b. Javier Torres is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds listed on **Exhibits A-C** of the Complaint.

    c. Dora Dillman is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to her, whether solely or in any joint capacity with her husband Javier Torres, listed on **Exhibits B-C** of the Complaint.

    d. Natalia Torres is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to her listed on **Exhibits B-C** of the Complaint.

    e. Paulina Torres is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to her listed on **Exhibits B-C** of the Complaint.

    f. Allegheny East Conference Corporation of Seventh Day Adventists is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to Englewood Spanish Church listed on **Exhibits B-C** of the Complaint.

    g. Community Seventh-Day Adventist Church is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the funds transferred to Englewood Spanish Church listed on **Exhibits B-C** of the Complaint.

    h. Ebenezer II Spanish Seventh-Day Adventist Church is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the

       funds transferred to Englewood Spanish Church listed on **Exhibits B-C** of the Complaint.

       i. Any Defendant is prohibited from selling, assigning, transferring, encumbering, or otherwise disposing of the property located at 148 Bayside Drive, Atlantic Highlands, New Jersey 07716.

4. Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the Liquidation Trustee is temporarily relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

5. The Liquidation Trustee shall serve a copy of this Order on the Defendants within five (5) days.

6. This Order shall be effective immediately upon entry and remain in effect until such time as the Court enters a decision or further Order of this Court following the evidentiary hearing before the Court at a date to be determined.

7. The Court retains jurisdiction over this Order and the relief granted herein.