| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis. T. DeLucia<br>Alyson M. Fiedler<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>Aneca E. Lasley (admitted pro hac vice)<br>John C. Cannizzaro (admitted pro hac vice)<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Phone: (614) 462-1085<br>aneca.lasley@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>     Defendants. | Adv. Pro. No. 23-1335-JKS |

1

**DECLARATION OF WILLIAM B. WALDIE
IN SUPPORT OF THE LIQUIDATION TRUSTEE'S APPLICATION FOR AN
ORDER TO SHOW CAUSE FOR CONTEMPT VIOLATION OF
TEMPORARY RESTRAINING ORDER**

I, William B. Waldie, having been first duly sworn upon an oath, state:[2]

1. I am an adult over the age of 18, and I have personal knowledge of and am competent to testify to the facts set forth in this declaration.

2. I am a Managing Director with Alvarez & Marsal's Disputes and Investigations practice in New York.

3. I have over thirty years of experience in complex internal corporate investigations, anti-corruption and FCPA, fraud and embezzlement, money laundering and forensic accounting investigations, including experience conducting and managing Ponzi scheme investigations, and similar types of fraud.

4. Alvarez & Marsal initially was retained in connection with the Chapter 11 case to act as financial advisor to the Official Committee of Unsecured Creditors ("Committee"). *See* Dkt. No. 368. Alvarez & Marsal was retained thereafter by AIRN Liquidation Trust Co., LLC, in its capacity as the Liquidation Trustee of the AIRN Liquidation Trust, appointed pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* (as amended and supplemented, the "Plan") [Docket No. 3256[3]] and the order confirming same [Docket No. 3599] (the "Confirmation Order").

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.
[2] Capitalized terms, not otherwise defined herein, shall have the same meaning ascribed to them in the *Liquidation Trustee's Application for an Order to Show Cause for Contempt Violation of Temporary Restraining Order*.
[3] All references to Docket Numbers contained herein refer to the docket in Bankr. D.N.J. Case No: 22-14539-JKS.

5.     As financial advisor previously to the Committee and now to the Liquidation Trustee, Alvarez & Marsal has undertaken an investigation of the Debtors' finances, including identifying any indicia and evidence of fraud, suspicious and fraudulent banking transactions, and other potentially actionable conduct.

6.     As Managing Director, I have personally participated in and have overseen the investigation to date. In connection with this investigation, my team and I have reviewed substantial documents made available to us by the Debtors and through numerous subpoenas issued pursuant to Rule 2004 of the Federal Rule of Bankruptcy Procedure.

7.     Alvarez & Marsal has analyzed financial transactions for National Realty Investment Advisors, LLC ("NRIA"), and NRIA Partners Portfolio Fund I, LLC (the "Fund") (collectively with "NRIA," and their debtor affiliates, the "Debtors") between January 2016 to present.[4] This includes numerous NRIA transactions involving Media Effective LLC and its owner, and only employee, Javier Torres.

8.     I submit this Declaration in support of the *Liquidation Trustee's Application for an Order to Show Cause for Contempt Violation of Temporary Restraining Order* (the "Application").

### The Torres Defendants' TRO Production

9.     Pursuant to the Court's TRO entered on November 22, 2023, the Torres Defendants made two productions of certain financial records to the Liquidation Trustee—the first production occurring on December 1, 2023 and the second on December 6, 2023 (the "Torres Defendants' Production").

---

[4] A&M also identified approximately $1.5 million in payments from NRIA to Media Effective during the period of August 2012 to December 2015 based on documents provided by the Debtors.

3

10. The Torres Defendants' Production was received and analyzed by Alvarez & Marsal. Upon completing that analysis of the production, certain observations have been made and deficiencies identified as set forth herein.

11. Of the bank account statements and copies of checks received and analyzed from the Torres Defendants' Production, the bank account records relate solely to Media Effective LLC accounts at TD Bank ending in x5466 (for the time period of approximately December 3, 2019 through December 31, 2022) and x0941 (for the time period of approximately January 1, 2016 through August 31, 2022).

12. The Torres Defendants produced advertising invoices and payment records for Media Effective, but no other records. Those advertising invoices and payment records do not account for all of the Debtors' transfers to Media Effective LLC.

13. A significant amount of Debtors' (and therefore Investors') funds, remain unaccounted for because of the Torres Defendants' failure to comply with the TRO by providing an accounting required.

14. Of the two TD Bank account records produced for Media Effective LLC to date (x0941 and x5466), it appears that Debtors were the primary client, if not sole client, of Media Effective.

15. For Media Effective LLC – TD Bank Accounts x0941 and x5466, approximately $36,522,140 of the incoming funds were from the Debtors, while the total amount of incoming funds into those accounts were $40,613,448. In other words, approximately 90% of Media Effective LLC – TD Bank Accounts x0941 and x5466 incoming funds were Debtors funds.

16.     Of the records available to the Liquidation Trustee to date, only $23,547,031 in funds from Media Effective LLC – TD Bank Accounts x0941 and x5466 were used on advertising spends, leaving approximately $13 million of Debtors funds transferred for other purposes, many of which are the subject of the Liquidation Trustee's Verified Complaint, yet others remain unknown because of the Torres Defendants' failure to produce a full accounting.

17.     What is notably absent from the Torres Defendants' "accounting" (and documents obtained through third-party Rule 2004 subpoenas to date)—where Debtors' funds are known to be transferred to—are *any* records from the following accounts:

   a. Javier Torres' Charles Schwab accounts other than the account ending in x5940;

   b. Javier Torres' TD Bank account ending in x1798;

   c. Javier Torres' Wells Fargo account records;

   d. Javier Torres' JPMorgan Chase account records;

   e. Javier Torres and Dora Dillman's Bank of America account ending in x6343;

   f. Media Effective's Banks of America account ending in x6005;

   g. Natalia Torres' TD Bank account records;

   h. Paulina Torres' TD Bank account records;

   i. Unknown account holder records at TD Bank for accounts ending in x1146, x5197, x7948, x7317; and

   j. Unknown account holder records at TD Ameritrade Clearing Inc. ending in x6023.

Many of these accounts were identified in **Exhibit C** to the Verified Complaint, yet others have been identified through the incomplete financial records produced by the Torres Defendants *and* documents obtained through Rule 2004 third-party subpoenas.

18. Not a single financial document of Javier Torres, Javier Torres, Jr., Dora Dillman, Paulina Torres, or Natalia Torres has been produced as part of the Torres Defendants' Production in response to the TRO.

## Conclusion

19. Investigation into Media Effective and Javier Torres is ongoing, but the aforementioned review and analysis of the Torres Defendants' Production to date does not satisfy its "accounting" obligations under the Court's TRO, in my opinion. Absent compliance with the Court's TRO, a preliminary injunction hearing on the injunctive relief sought cannot reveal the full scope of the Torres Defendants' conduct.

20. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 10, 2024
New York, New York

William B. Waldie
Alvarez & Marsal North America, LLC
Managing Director