UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ICE MILLER LLP**
Louis. T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway
Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.*

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No:  22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, as Liquidation Trustee of the AIRN LIQUIDATION TRUST, and successor in interest to the estates of NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,<br><br>                    Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>                    Defendants. | Adv. Pro. No.  23-1335-JKS<br><br>**Hearing Date: January 18, 2024 at 11:00 a.m. (EST)** |

**DECLARATION OF WILLIAM B. WALDIE IN SUPPORT OF THE LIQUIDATION TRUSTEE'S OBJECTION TO THE EXPEDITED MOTION OF JAVIER TORRES, MEDIA EFFECTIVE, DORA DILLMAN, JAVIER TORRES, JR., NATALIA TORRES, AND PAULINA TORRES TO DECLARE TEMPORARY RESTRAINING ORDER DATED NOVEMBER 22, 2023, DISSOLVED**

I, William B. Waldie, having been first duly sworn upon an oath, state:[2]

1. I am an adult over the age of 18, and I have personal knowledge of and am competent to testify to the facts set forth in this declaration.

2. I am a Managing Director with Alvarez & Marsal's Disputes and Investigations practice in New York.

3. I have over thirty years of experience in complex internal corporate investigations, anti-corruption and FCPA, fraud and embezzlement, money laundering and forensic accounting investigations, including experience conducting and managing Ponzi scheme investigations, and similar types of fraud.

4. Alvarez & Marsal initially was retained in connection with the Chapter 11 case to act as financial advisor to the Committee of Unsecured Creditors. *See* Dkt. No. 368. Alvarez & Marsal was retained thereafter by the AIRN Liquidation Trust, by and through AIRN Liquidation Trust Co., LLC, the Liquidation *Trustee appointed pursuant to the First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors (as amended and supplemented, the "*Plan*")* [Docket No. 3256[3]] and the order confirming same [Docket No. 3599] (the "Confirmation Order").

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.
[2] Capitalized terms, not otherwise defined herein, shall have the same meaning ascribed to them in the Verified Complaint.
[3] All references to Docket Numbers contained herein refer to the docket in Bankr. D.N.J. Case No: 22-14539-JKS.

5.  In the capacity of financial advisor previously to the Committee and now to the Liquidation Trustee, Alvarez & Marsal has undertaken an investigation of the Debtors' finances, including identifying any indicia of fraud.

6.  As Managing Director, I have personally participated in and have overseen the investigation to date. In connection with this investigation, my team and I have reviewed substantial documents made available to us by the Debtors and through subpoenas.

7.  As part of the investigation to date, Alvarez & Marsal analyzed financial transactions for National Realty Investment Advisors, LLC ("NRIA"), and NRIA Partners Portfolio Fund I, LLC (the "Fund") (collectively with "NRIA," and their debtor affiliates, the "Debtors") between January 2016 to present.[4] This includes numerous NRIA transactions involving Media Effective LLC and its owner, and only employee, Javier Torres.

8.  I submit this Declaration in support of the *Liquidation Trustee's Objection to the Expedited Motion of Javier Torres, Media Effective, Dora Dillman, Javier Torres, Jr., Natalia Torres, and Paulina Torres to Declare Temporary Restraining Order Dated November 22, 2023 Dissolved* (the "Objection").

## The Transfers

9.  From 2016 through 2022, National Realty Investment Advisors, LLC ("NRIA"), and NRIA Partners Portfolio Fund I, LLC (collectively with "NRIA," and their debtor affiliates, the "Debtors") transferred approximately $36,522,290 to Media Effective and Javier Torres. **Exhibit 1.** Approximately $34,486,210 of the NRIA Fraudulent Transfers occurred on and after June 7, 2018. All of these NRIA transfers were deposited into the Media Effective – TD Bank

---

[4] A&M also identified approximately $1.5 million in payments from NRIA to Media Effective during the period of August 2012 to December 2015 based on documents provided by the Debtors.

x0941 and Media Effective – TD Bank x5466 accounts. Based on NRIA accounting records, Media Effective was also paid approximately $1,518,661 from NRIA during the period of August 2012 to December 2015.

10. To date, the **only** bank records produced by Media Effective and Javier Torres are for the Media Effective – TD Bank x0941 and Media Effective – TD Bank x5466 accounts. Media Effective and Javier Torres did **not** produce any personal bank and investment account records for accounts that received millions of dollars of NRIA funds transferred from Media Effective.

11. Pursuant to Bankruptcy Rule 2004 subpoenas issued directly to third-party financial institutions, the Liquidation Trustee received records for the following eleven accounts affiliated with Media Effective and/or Javier Torres:

    a. Media Effective LLC – TD Bank x0941;

    b. Media Effective LLC – TD Bank x5466;

    c. Javier S Torres and Dora M Dillman – TD Bank x1798;

    d. Javier Torres – TD Bank x1146;

    e. Javier Torres – TD Bank x5197;

    f. Javier Torres DBA Centro De Ayuda Financiera – TD Bank x7317;

    g. Socios and Partners – TD Bank x7948;

    h. Spanish Englewood 7th Day Adventist Church - Bank of America x0018;

    i. Charles Schwab – Account No. 4680-5940;

    j. TD Ameritrade – Account No. 756-260544;

    k. TD Ameritrade – Account No. 201-262147.

12. All of these accounts were recipients of NRIA funds transferred through Media Effective accounts. Without the Rule 2004 subpoenas sent directly to the financial institutions, the

Liquidation Trustee and Alvarez & Marsal would have had no insight into these accounts. Despite very recently receiving many of these account records, in which a full analysis is in process, there are still relevant Javier Torres account records and transaction information that have not been received and have not been produced by the Defendants in this action.

13. The Liquidation Trustee, through Alvarez & Marsal, discovered $1,650,000 in checks from the Javier Torres – TD Bank x1698 account to Fidelity Investments from December 2022 to July 2023. **Exhibit 2 for December Checks.** Nearly all of the funds used for these checks were traced back to NRIA. Another $400,000 check was identified from Media Effective – TD Bank x5466 to Fidelity Investments in January 2023.

14. On November 8, 2022 (after NRIA commenced its case on June 7, 2022), a $1,600,000 withdrawal was identified from the Javier Torres – TD Bank x1146 account. With the information currently available, the destination of these funds cannot be determined. **Exhibit 3.**

15. For the Media Effective – TD Bank x0941 and Media Effective – TD Bank x5466 account records received and analyzed, no other customer/client deposits were identified, and Debtors appear to be the sole source of virtually all of the incoming funds. Frequent large, round-dollar transfers were identified from the Media Effective accounts that received NRIA funds to personal and investment accounts of Javier Torres.

16. From January 2016 through January 2022, Javier Torres caused Media Effective to transfer approximately $555,000 to the Englewood Spanish Church. **Exhibit 4.** This includes over two hundred transfers, ranging from $150 to $18,000 per payment.

17. The addresses used on the Spanish Englewood 7th Day Adventist Church - Bank of America x0018 bank statements have been traced to Javier Torres' (and Dora Dillman's) former residence located at 50 Werimus Rd, Woodcliff Lake, New Jersey. Despite having been foreclosed

5

upon by Investors Bank and ultimately sold at sheriff's sale in 2022 (Superior Court of New Jersey, Bergen County, Dkt No. F-001463-15), it was used as the address for the Spanish Englewood 7th Day Adventist Church through October 2022. Beginning in November 2022, Javier Torres' personal address was updated and used on checks he wrote for the Spanish Englewood 7th Day Adventist Church, to 148 Bayside Drive, Atlantic Highlands, New Jersey (his current residence **and** the address for Media Effective). **Exhibit 5.**

18. While $36,522,140 was transferred by NRIA to Media Effective on or after January 1, 2016, $23,547,031 in Media Effective transfers to advertisers / advertising agencies have been identified – an indication of the massive mark ups pocketed by Media Effective and Javier Torres during its relationship with NRIA. Alvarez & Marsal calculates Media Effective's estimated mark up from NRIA to be approximately 36% (or not less than $12,975,109 in aggregate NRIA transfers in excess of alleged advertising costs), despite the fact that Javier Torres is Media Effective's only employee and the company operates out of his home.

19. Of the $23,547,031 in Media Effective transfers identified to advertiser / advertising agencies, approximately $22,221,040 (or 94%) was transferred to Hybrid Media Services LLC ("Hybrid Media"), a New York based full-service advertising agency. Multiple invoices reviewed from Hybrid Media contain additional agency fees charged to and paid by NRIA in addition to the substantial fees NRIA paid to Media Effective.

20. Given the significant mark ups pocketed by Media Effective, no other customer or client deposits being identified in the Media Effective accounts, and the significant decrease in Media Effective's account activity after its relationship with NRIA ended, it was in Media Effective and Javier Torres' best interest to continue working for NRIA.

### Atlantic Highlands Property

21.     In or about June 2021, Javier Torres and his wife, Defendant Dora Dillman, purchased a waterfront property in Atlantic Highlands, New Jersey having an address of 148 Bayside Drive, Atlantic Highlands, New Jersey (the "Atlantic Highlands Property").

22.     The Atlantic Highlands Property was purchased in <u>cash</u> (despite being actively engaged in and losing the foreclosure of their prior residence in Woodcliff Lakes, New Jersey) for $1,575,000. On June 9, 2021, $1,602,286.53 was wired from the Javier Torres – TD Bank x1146 account to All Ahead Title Agency for the cash purchase. The source of the funds for this property purchase has been traced to NRIA funds transferred to the Media Effective – TD Bank x0941 and Media Effective – TD Bank x5466 accounts. **Exhibit 6.**

23.     On July 1, 2020, the Javier Torres – TD Bank x1146 account balance was $230,054.66. Between that date and the wire transfer to purchase the property on June 9, 2021, the Javier Torres – TD Bank x1146 account received at least 14 transfers from the Media Effective accounts totaling $4,888,000. **Exhibit 6.**

24.     The Atlantic Highlands Property appears to be wholly unencumbered.

### Advertising Scripts

25.     Javier Torres interacted with NRIA on several occasions regarding scripts, to include offering suggestions on content.  In an email to Nick Salzano dated January 6, 2020, Torres advised NRIA that they needed to eliminate a sentence in the script and suggested removing the wording "*your apartment building secured*" in order to keep the advertisement within the allotted 30 second time frame. **Exhibit 7.**

26.  In an email dated April 7, 2020, Javier Torres stated, *"I removed another '10%' mention at the end of spot. (A total of three '10%' mentions removed)"*. Torres also acknowledges in the email string that NRIA claims investors will receive 10% steady cash flow and can obtain returns with bonuses targeted at 18-21 %. **Exhibit 8.**  It was in Javier Torres' best interest to continue to attract new investors for NRIA because NRIA was his only client.

## Conclusion

27.  Investigation into Media Effective and Javier Torres is ongoing, but the aforementioned transactions and referenced exhibits support keeping a temporary restraining order and preliminary injunction in place, in my opinion.

28.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 17, 2024
New York, New York

William B. Waldie
Alvarez & Marsal Disputes and Investigations, LLC
Managing Director