UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Edmond M. George, Esquire**
**OBERMAYER REBMANN MAXWELL & HIPPEL, LLP**
**1120 S NJ 73**
**Suite 420**
**Mount Laurel, NJ  08054**
*Counsel to Defendants Javier Torres, Media Effective, LLC, Dora Dillman, Javier Torres, Jr., Natalia Torres, Paulina Torres.*

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No:  22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>Defendants. | Adv. Pro. No.  23-1335-JKS |

**DECLARATION OF JAVIER TORRES IN SUPPORT OF THE MOTION OF JAVIER TORRES, MEDIA EFFECTIVE, LLC, DORA DILLMAN, JAVIER TORRES, JR., NATALIA TORRES, AND PAULINA TORRES TO QUASH THE SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING) DIRECTED TO AT&T MOBILITY, LLC AND <u>VERIZON COMMUNICATIONS, INC.</u>**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

1

I, Defendant Javier Torres ("Javier"), owner of Media Effective ("Media") and with authority to make this declaration on behalf of Dora Dillman, Javier Torres, Jr., Natalia Torres, Paulina Torres (the "Torres Family," and collectively with Javier and Media, the "Defendants"), being of full age, submit this declaration in support of Defendants' Motion[2] and state as follows under 28 U.S.C. § 1746:

1. In 2012, Media and I began a business relationship with National Realty Investment Advisors, LLC ("NRIA") as a client when NRIA asked Media to be a media buyer for NRIA.

2. Throughout our relationship, I, through Media, provided numerous services to NRIA by acting as a media agent for the placement of advertising on radio and television.

3. I took NRIA from advertising on one local radio station in 2012 to advertising nationally on multiple radio and television stations in 2022.

4. Media and I conducted over ten (10) years of effective negotiations with television and radio stations on NRIA's behalf.

5. To avoid any doubt, the cell phone number (201) 463-5216 does not belong to me - my cell phone number is (201) 463-5206, one digit off from the cell phone number contained in the Subpoenas.

6. The production sought by the Subpoenas contains communications protected by my attorney-client privilege and spousal communications privilege.

7. I use my cell phone and "all phone numbers owned or managed" by myself or Media to communicate both verbally and over text message with my attorneys in the present matter – Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer").

---

[2] Capitalized terms used in this Declaration but not defined herein shall have the meanings ascribed to such terms in the Motion.

4894-9766-3410 v3

8.  I use my cell phone and "all phone numbers owned or managed" by myself or Media to communicate both verbally and over text message with my wife – Dora Dillman.

9.  These communications were confidential, made outside the presence of third parties, and there was a reasonable expectation of privacy for these communications.

10. I have not communicated with anyone at NRIA since 2021.

11. I have willingly provided the Trustee with Nick Salzano's cell phone number.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: April 1, 2024    /s/ Javier Torres
                        JAVIER TORRES