# Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 23-01335-JKS    Doc 53-1    Filed 04/05/24    Entered 04/05/24 12:54:21    Desc
Exhibit A (AT&T Mobility, LLC)    Page 2 of 8

# UNITED STATES BANKRUPTCY COURT

District of  New Jersey

In re  **National Realty Investment Advisors, LLC,**
Debtor

*(Complete if issued in an adversary proceeding)*

**AIRN LIQUIDATION TRUST,**
Plaintiff
v.
**MEDIA EFFECTIVE LLC, et al.,**
Defendant

Case No.  22-14539-JKS
Chapter  **11**

Adv. Proc. No.  **23-1335-JKS**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  **AT&T Mobility, LLC**
**c/o The Corporation Trust Company**
**Corporation Trust Center**
**1209 Orange Street**
**Wilmington, DE 19801**

*(Name of person to whom the subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **On or before April 22, 2024 at 10:00 a.m. (EST), the items defined and requested in Exhibits A and B attached hereto, shall be produced to the office of Defendant's counsel noted below.**

| PLACE | DATE AND TIME |
|---|---|
| **Obermayer Rebmann Maxwell & Hippel LLP**<br>**Centre Square West**<br>**1500 Market Street \| Suite 3400**<br>**Attn: Edmond M. George, Esq.** | **April 22, 2024 at 10:00 a.m. (EST)** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **April 5, 2024**

CLERK OF COURT

OR

_____                 **/s/ Louis T. DeLucia**
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Plaintiff AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust**, who issues or requests this subpoena, are:
**Louis T. DeLucia, Ice Miler LLP, 1500 Broadway 29th Floor, New York, NY 10036,** Louis.DeLucia@IceMiller.com, **(212) 835-6312**

**Notice to the person who issues or requests this subpoena**

Case 23-01335-JKS    Doc 53-1    Filed 04/05/24    Entered 04/05/24 12:54:21    Desc
Exhibit A (AT&T Mobility    LLC)    Page 3 of 8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 23-01335-JKS    Doc 53-1    Filed 04/05/24    Entered 04/05/24 12:54:21    Desc
Exhibit A (AT&T Mobility – LLC)    Page 4 of 8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

4893-7660-0215.1

## **EXHIBIT A**

### **DEFINITIONS**

1. The term "document" shall be construed to the broadest extent permitted by the Federal Rule of Civil Procedure 34(a). "Document" means and includes without limitation all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notes made on such copies or otherwise, including without limitation, correspondence, e-mails, text messages, memoranda, notes (handwritten, typed or otherwise), evidence, affidavits, statements, letters, diaries, journals, date-books, day-timers, calendars, minutes, agendas, contracts, reports, studies, checks, statements, receipts, summaries, interoffice and intraoffice communications, ledgers, offers, performance evaluations, notations of any sort of conversation (including without limitation telephone conversations or meetings) and all drafts, alterations, modifications, changes or amendments of any of the foregoing, and any and all mechanical, magnetic, audiotape, videotape or electronic recordings or reproductions of any kind of any of the foregoing which are in the possession, custody or control of the respondent and/or its present or former attorneys, agents or representatives. "Document" also includes data stored or contained in computers, databases, servers, software applications, computer tapes, computer discs or any other computer-related device and videotapes and audiotapes.

2. "Referring to or relating to" means containing, constituting, evidencing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

3. "Communicate," "communicating," "communication" or "communications" means the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise, as well as any oral or written utterance, notation, statement or transmittal of any

1

information of any nature whatsoever, by and to whomsoever made, including, without limitation, electronic mail, facsimile, correspondence, meetings, conversations, dialogues, discussions, interviews, consultations, agreements, and other understanding between or among two or more persons.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and vice versa.

6. "You" or "Your" shall refer to the entity to whom this subpoena is directed, AT&T Mobility, LLC and includes its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

7. Except as otherwise specified herein, terms which are not defined in these Requests shall have the definitions given to those terms by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (including the Federal Rules of Civil Procedure to the extent they are made applicable by the Bankruptcy Rules), and/or the Local Rules of Bankruptcy Procedure for the District of New Jersey.

**INSTRUCTIONS**

1. Your responses to these document requests shall be supplemented whenever they become aware of and/or are in possession of additional documents falling within the scope of any request set forth herein.

2. If any document or any portion of a document is withheld under claim of a privilege, furnish a list identifying each document for which a privilege is claimed, together with the following information: date, author or sender, all addresses or recipients, type (e.g., letter,

2

memorandum, telegram, chart, photograph, etc.), subject matter of the document, the basis on which a privilege is claimed, and the paragraph or paragraphs of this request to which the document corresponds. If you claim a privilege as to only a portion of a document, produce the portion of the document as to which respondent does not claim a privilege.

3. If any document described in this request was, but no longer is, in your possession, or subject to your custody or control, or in existence, state whether (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others, or; (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person directing or authorizing the disposition and the date thereof. In addition, identify each such document by listing its date, author or sender, all addresses or recipients, type (e.g., letter, memorandum, telegram, chart, photograph, etc.), subject matter, present location and custodian, and state whether the document or copies are still in existence.

4. Unless stated otherwise, the relevant period for each of the requests herein shall be from January 1, 2016, through the present (the "Applicable Period"). To the extent any responsive documents are no longer available dating back to January 1, 2016, documents are commanded to be produced from the earliest available date after January 1, 2016.

5. These requests are continuing in nature and require further and supplemental productions by you whenever you acquire or make additional documents between the date of the first production hereunder and the time of any trial or hearing in this action.

6. The documents/information collected pursuant to this Subpoena shall be produced to Defendants' counsel at the address listed on the cover page of the Subpoena, and by agreement of counsel and the Court, Defendants' counsel will then produce the complete set of call detail records and a redacted (if necessary) set of text message records to Plaintiff's counsel.

## **EXHIBIT B**

### **REQUESTS**

1. All call detail records for calls made or received by the cell phone number (201) 463-5206 from January 1, 2016 to present, including but not limited to, outgoing detail, incoming detail, and length of call.

2. All text message detail records for text messages made or received by the cell phone number (201) 463-5206 still maintained/saved on your servers, including but not limited to, outgoing detail, incoming detail, and text message content, but not to include any text messages sent or received before January 1, 2016.

3. Documents to reflect all phone numbers owned or managed by Javier Torres and/or Media Effective LLC.