UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ICE MILLER LLP**
Louis. T. DeLucia
Alyson M. Fiedler
1500 Broadway, Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

Aneca E. Lasley (admitted pro hac vice)
John C. Cannizzaro (admitted pro hac vice)
250 West Street, Suite 700
Columbus, Ohio 43215
Phone: (614) 462-1085
aneca.lasley@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust*

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>     Defendants. | Adv. Pro. No. 23-1335-JKS |

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

## DECLARATION OF ANECA E. LASLEY

I, Aneca E. Lasley, having been first duly sworn upon an oath, state:

1. My name is Aneca E. Lasley. I am an adult over the age of 18, and I have personal knowledge of and am competent to testify to the facts set forth in this declaration.

2. I am one of the attorneys that represents the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust (the "Liquidation Trustee" or "Plaintiff"), appointed pursuant to the First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors (as amended and supplemented, the "Plan") [Case No. 22-14539, Docket No. 3256] and the order confirming the Plan [Case No. 22-14539, Docket No. 3599] (the "Confirmation Order"), that has been assigned and, as of the Effective Date of the Plan, holds the claims of Contributing Investors (as that term is defined in the Plan).

3. The Liquidation Trustee identified a list of advertisers and advertising agencies that, based on documentation and witness testimony, participated in the Debtors' fraudulent scheme and/or improperly obtained assets of the estate. Defendants Javier Torres, Media Effective LLC Dora Dillman, Javier Torres, Jr., Natalia Torres, and Paulina Torres' (collectively the "Defendants") are on this list of advertisers.

2

4. La Mattina was hired in May 2018 by NRIA to serve as its Vice President of Operations. Later, in 2019, La Mattina was named NRIA's Senior Vice President of Global Operation. La Mattina held that role through 2021 when he ultimately became the Chief Operating Officer of NRIA. Given La Mattina's tenure at NRIA, the Liquidation Trustee located and reached out to him to determine if he would cooperate in answering questions the Liquidation Trustee had about the inner-workings of the Debtors' Ponzi scheme. Because La Mattina oversaw NRIA's fraudulent advertising efforts, he also was identified by the Liquidation Trustee as someone who had knowledge regarding the Debtors' fraudulent scheme.

5. Accordingly, the Liquidation Trustee and its investigators contacted La Mattina and set up a meeting with him to determine whether he would cooperate in answering questions. La Mattina voluntarily attended that meeting and agreed to be interviewed again just months ago on January 11, 2024. All of his actions—up until his deposition taken in this action—confirmed his desire to voluntarily and truthfully cooperate with the Liquidation Trustee.

6. From the outset of its administration, the Liquidation Trustee has welcomed the participation of individuals and entities that have knowledge of Debtors' fraudulent conduct, whether or not these individuals/entities participated in the fraudulent conduct themselves. Generally speaking, and in the name of cooperation, it has been the Liquidation Trustee's preference to work with these individuals/entities to reach a reasonable resolution without the need to file an adversary proceeding against them where possible.

7. On May 4, 2023, La Mattina spoke with investigative consultants for the Liquidation Trustee (then, the Committee), including William Waldie and Richard Barry to discuss NRIA and the fraudulent scheme. During this meeting, La Mattina openly shared information with the Trustee's consultants. Following that initial interview, it remained apparent that La Mattina had inside information regarding the workings of NRIA, including familiarity with NRIA's advertising efforts, and in turn, Javier Torres and Media Effective's work for the Debtors.

8. On January 11, 2024, La Mattina met with Liquidation Trustee's counsel, William Waldie, and Richard Barry to discuss a number of topics, including Javier Torres and Media Effective's role in the Debtors' fraudulent scheme and the assets transferred to Defendants as a result of their participation.

9. On January 16, 2024, Defendants filed their Motion to Declare the Temporary Restraining Order Dated November 22, 2023 Dissolved [Dkt. #22] along with an application to shorten time [Dkt. #23], which resulted in the Court scheduling a hearing on this motion for January 18, 2024. The Liquidation Trustee prepared and filed its opposition to Defendants' motion on January 17, 2024 [Dkt. #28]. In support of its objection, counsel for the Liquidation Trustee asked Mr. La Mattina to submit a declaration attesting to the information he previously provided. Mr. La Mattina agreed and counsel for the Liquidation Trustee prepared an initial draft based on the collective notes of counsel and their investigators.

10. On January 17, 2024, the Liquidation Trustee emailed a draft of the Declaration to La Mattina for his review and revisions. In response, La Mattina made sent back several edits and comments to the Liquidation Trustee's counsel to incorporate into the draft including changes regarding La Mattina's title and positions at NRIA and a comment regarding not being able to say Javier Torres was three times as expensive but that "he was always higher than the other bids." Counsel to the Liquidation Trustee incorporated La Mattina's edits and re-circulated the draft declaration to him for careful review, any additional feedback, or execution if he was satisfied. La Mattina provided no additional revisions, and instead, executed the declaration and returned that signed version to the Liquidation Trustee's counsel.

11. On Friday, March 22, 2024, Defendants took the deposition of Glenn A. La Mattina ("La Mattina") in the above-captioned matter. A copy of the transcript from his deposition is attached here as Exhibit A.

12. Prior to La Mattina's deposition, La Mattina did not indicate falsity, express a concern, or otherwise indicate that the Declaration was anything other than true and accurate, including with respect to the assertion that it was based on La Mattina's personal knowledge.

13. March 22, 2024—during La Mattina's deposition—was the first time the Liquidation Trustee learned that La Mattina did not stand by his sworn-to statements made in the Declaration.

14. During La Mattina's deposition, I was surprised and shocked when La Mattina refused to stand by his Declaration.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

5

Dated:  April 8, 2024
Columbus, Ohio

*/s/ Aneca E. Lasley*
Aneca E. Lasley