| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**ICE MILLER LLP**<br>Louis T. DeLucia<br>Alyson M. Fiedler<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>Aneca E. Lasley (admitted pro hac vice)<br>John C. Cannizzaro (admitted pro hac vice)<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Phone: (614) 462-1085<br>aneca.lasley@icemiller.com<br>john.cannizzaro@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>      Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>      Defendants. | Adv. Pro. No. 23-1335-JKS<br><br>Hearing Date: April 10, 2024 at 10:00 a.m. (EST) |

1

**LIQUIDATION TRUSTEE'S OBJECTION TO THE MOTION OF JAVIER TORRES, MEDIA EFFECTIVE, LLC, DORA DILLMAN, JAVIER TORRES, JR., NATALIA TORRES, AND PAULINA TORRES TO STRIKE THE APRIL 4, 2024, DECLARATIONS OF ANGELA SOLK AND PATRYK GOLASZEWSKI**

AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust (the "Liquidation Trustee," "Trustee," or "Plaintiff"), appointed pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* (as amended and supplemented, the "Plan") [Case No. 22-14539, Docket No. 3256] and the order confirming the Plan [Case No. 22-14539, Docket No. 3599] (the "Confirmation Order"), that has been assigned and, as of the Effective Date of the Plan, holds the claims of Contributing Investors (as that term is defined in the Plan), by and through its undersigned counsel, hereby submits this Objection to Defendants Javier Torres, Media Effective LLC ("Media Effective"), Dora Dillman, Javier Torres, Jr., Natalia Torres, and Paulina Torres' (collectively the "Defendants") *Motion to Strike the April 4, 2024, Declarations of Angela Solk and Patryk Golaszewski* [Dkt. No. 56] filed on April 8, 2024 (the "Motion"). In support of this Objection, the Liquidation Trustee respectfully states as follows:

## INTRODUCTION

This matter arises out of a massive, multi-year, multi-million-dollar Ponzi scheme perpetrated by National Realty Investment Advisors, LLC ("NRIA"), and its affiliated debtors and their respective principals (the "Debtors"). The Debtors are accused of orchestrating a nationwide Ponzi scheme and defrauding investors through the use of false advertising, and specifically advertisements placed and promoted by Defendants. By deploying an aggressive, expansive and expensive advertising campaign, spending approximately $85 million of investor funds on marketing and advertising (of which approximately $36.5 alone was paid to Media Effective, an entity with one employee operating out of his home), NRIA raised approximately $664 million

2

from investors before its scheme collapsed, with substantial help by Javier Torres ("Torres") and Media Effective (as Torres **admitted** at ¶¶ 163-165 of Defendants' expedited motion to declare the Court's temporary restraining order dissolved [Dkt. No. 22]).

On November 22, 2024, the Court entered a temporary restraining order preventing Defendants from selling, assigning, transferring, encumbering, or otherwise disposing of certain funds. [Dkt. No. 9]. This matter is set for a hearing on April 10, 2024, on the Liquidation Trustee's request for a preliminary injunction. In advance of the hearing, the parties stipulated that "all declarations, exhibits, and a statement of undisputed facts for use at the Preliminary Injunction Hearing" would be submitted by April 4, 2024. [Dkt. No. 35 ¶ 2]. After the Liquidation Trustee timely submitted two such declarations, the Defendants filed their *Motion to Strike the April 4, 2024, Declarations of Angela Solk and Patryk Golaszewski* [Dkt. No. 56] on April 8, 2024 (the "Motion"). The Motion challenges the declarations of Angela Solk ("Solk") and Patryk Golaszewski ("Golaszewski").

The thrust of Defendants' Motion is that, in advance of the April 10, 2024 preliminary injunction hearing set in this matter, Plaintiffs submitted the declarations in a manner that "denied Defendants . . . due process of law, is in bad faith, and will prejudice the Defendants unless they are stricken." [Dkt. No. 56, at 11]. In support of their Motion, Defendants make two arguments. First, they contend that the submission of the declarations—made without sufficient time for Defendants to depose the two declarants—deprives them of the ability to confront and cross-examine the declarants. [*Id.* at 7]. Accordingly, they reason, they have been deprived due process and the declarations should be stricken as a sanction. [*Id.* at 8-11]. Second, Defendants accuse the Liquidation Trustee of submitting the two declarations on April 4, 2024, "in order to surprise Defendants and hinder their case." [*Id.* at 9]. Accordingly, they argue that the declarations were

3

submitted in "bad faith," and the Court should use its inherent powers to strike the declarations. [*Id.* at 8-9].

The Defendants' "bad faith" argument is premised primarily on the Liquidation Trustee's purported failure to disclose either witness in its Rule 26(a) disclosures, but Defendants fail to acknowledge that ***neither party has served such disclosures***. Rather, the parties have only disclosed the names of potential witnesses for purposes of trial or the upcoming preliminary injunction hearing in their interrogatory responses and the Joint Stipulation governing the preliminary injunction hearing. Notably, the Liquidation Trustee disclosed Patryk Golaszewski in its interrogatory responses as a person with knowledge. Regarding Angela Solk, neither party disclosed their advertising expert in either their interrogatory responses or the Scheduling Order. Instead, the Liquidation Trustee disclosed Solk, its advertising expert, at the same time Defendants disclosed theirs. But most importantly, the Liquidation Trustee complied with the Court's deadlines and acted in good faith in submitting the declarations. The Defendants will have the right and opportunity to examine the declarants during their testimony on April 10, 2024, curing any due process issues the Defendants raise. Accordingly, the Trustee respectfully objects to Defendants' Motion and requests the Court **DENY** the Motion.

## ARGUMENT

**I.    Due Process does not require that a declarant be made available for a deposition if the declarant can be subsequently cross-examined.**

1.    In their Motion, Defendants emphasize that, in a civil proceeding, due process requires an opportunity to confront and cross-examine adverse witnesses. [Dkt. No. 56 ¶ 36].

2.    They argue that, because "the Declarations were submitted on April 4, 2024," the Liquidation Trustee "made it impossible for Defendants to confront and/or cross-examine Solk or Golaszewski, as adverse witnesses, before" the preliminary injunction hearing. [Dkt. No. 56 ¶ 40-

4

41]. While never explicitly stated, Defendants apparently believe that the right to cross-examine witnesses requires that a witness's deposition must be taken in advance of their live testimony. For example, they note that the timing meant Defendants only had three days in which to take depositions, which made it impossible for Defendants to cross-examine witnesses and thus deprived Defendants due process. [*Id.*].

3. Defendants will have ample opportunity to confront and cross-examine both witnesses at the April 10, 2024 hearing.

4. They cite no authority for the proposition that a litigant must have an opportunity to *depose* a witness in addition to the Constitution's requirement that a litigant be able to confront adverse witnesses. And the Supreme Court has held the opposite—that a litigant's right to confront witnesses "is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." *California v. Green*, 399 U.S. 149, 158 (1970); *see also Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("Finally, we reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."); *United States v. Price*, 458 F.3d 202, 209 n.2 (3d Cir. 2006) (finding no confrontation issue where declarant testified at trial).

5. There is no due process right to depose a declarant that will later testify at trial. Defendants have pointed to no reason that they cannot adequately and fully cross-examine the two declarants at the April 10 hearing.

**II.     The Liquidation Trustee was not required to disclose Solk's identity in its Rule 26 disclosures, and it complied with the Court's April 4, 2024 deadline to submit declarations.**

6. Next, Defendants argue that the declarations should be stricken because the Liquidation Trustee did not identify either of the declarants in Rule 26 disclosures or the parties' stipulation as to witnesses. [Dkt. No. 56 ¶¶ 22, 26, 53, 64].

7. Rule 26 requires parties to disclose "the identity of any witness it may use at trial" to present expert evidence. Fed. R. Civ. P. 26(a)(2)(A). And a party must supplement its disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). However, no supplemental disclosure is required "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

8. Critically, neither party has served disclosures under Rule 26. Lasley Decl. ¶ 10. Instead, the parties have only disclosed the names of potential witnesses for purposes of trial or the upcoming preliminary injunction hearing in their interrogatory responses and the Joint Stipulation governing the preliminary injunction hearing. *Id.* ¶ 11. Neither party disclosed their advertising expert in either their interrogatory responses or the Joint Stipulation. Instead, the Liquidation Trustee disclosed Solk, its advertising expert, at the same time Defendants disclosed theirs. *Id.* ¶ 9.

9. Further, the Liquidation Trustee has not yet decided whether it will call Solk *at trial* as contemplated by the expert disclosure provisions of Rule 26. An expert's participation in preliminary injunction proceedings is separate and apart from whether that expert is a testifying expert for the purposes of trial, as contemplated by Rule 26. *Wreal LLC v. Amazon.com, Inc.*, No. 14–21385–CIV, at *2 (S.D. Fla. Mar. 20, 2015); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08–CV–1166–IEG, 2010 WL 1608880 (S.D. Cal. Apr. 20, 2010); *see also Eidos Display,*

6

*LLC v. Chunghwa Picture Tubes, Ltd.*, 296 F.R.D. 3, 7-8 (D.D.C. 2013). Accordingly, Solk's identity was never required to be disclosed under Rule 26.

10. Even if disclosure was required, the Liquidation Trustee falls in the Rule 26(e) safe harbor for information "otherwise made known" to the parties. During a call on March 12, 2024, counsel for the Liquidation Trustee and counsel for the Defendants discussed whether either party would retain an advertising expert. Lasley Decl. ¶ 3; *see also* [Dkt. No. 56-1 ¶ 24 ("Although the Trustee said it had an expert . . . .")]. Solk later sat in on the deposition of Javier Torres, and she was identified on the record. Lasley Decl. ¶ 5. The parties subsequently discussed deposing the respective experts on April 8 or 9, but no decision was made. Lasley Decl. ¶ 6. Moreover, Solk's declaration was timely submitted according to the parties' stipulated April 4, 2024 deadline. Lasley Decl. ¶ 10; [Dkt. No. 35].

11. Finally, even if the disclosure of Solk's identity under Rule 26 was necessary and the Rule 26(e) safe harbor does not apply, the only proper remedy would be for the Court to strike both Solk's declaration *and* Defendants' expert's declaration because Defendants failed to properly disclose their expert, Erin Arends. Notably, having previously discussed the possibility of having advertising experts, on March 29, 2024, counsel for the Liquidation Trustee wrote to Defendants' counsel to inquire as to whether they would be calling an advertising expert. Lasley Decl. ¶ 7. In that same correspondence, counsel for the Liquidation Trustee provided the name of its expert. In response, Defendants confirmed that they would be calling their advertising expert, and counsel for the Liquidation Trustee requested dates for deposition after April 4. *Id.* ¶ 8. No dates were ever provided, and the experts' respective declarations were provided on April 4. *Id.* ¶ 9. Thus, all of Defendants' arguments apply with equal force to the declaration of their own expert whose identity was not disclosed in their Rule 26 disclosures. Accordingly, if Solk's declaration

is stricken, the declaration of Erin Arends must be as well. The Liquidation Trustee, however, prefers that the Court hear all evidence relevant to Defendants' conduct that gives rise to the claims against them.

### III. Golaszewski's declaration was submitted as soon as reasonably possible, and Defendants' allegations of bad faith are frivolous.

12. With respect to Golaszewski's declaration, Defendants presumably challenge only his exclusion from the parties' February 22, 2024 stipulation [Dkt. No. 35] because he was disclosed as a potential witness in the Liquidation Trustee's interrogatory responses. [*See* Dkt. No. 56 ¶ 22 (arguing that the Trustee did not identify Golaszewski in the stipulation)]; Lasley Decl. Ex. B, at 4.

13. Again, Defendants' argument focuses on their inability to depose the two declarants prior to the preliminary injunction hearing. But Defendants have failed to explain why they could not have sought to depose Golaszewski after his identity was disclosed in response to interrogatories on March 18, 2024. Lasley Decl. Ex. B, at 4, 16.

14. And any procedural defect in the designation of Golaszewski as a witness—and the submission of his declaration—is harmless because Defendants will have the opportunity to confront and cross-examine him at the hearing.

15. Moreover, counsel for the Liquidation Trustee has sought to serve Golaszewski with a subpoena since at least early March. Gasper Decl. ¶ 3; [Case No. 22-14539, Dkt. No. 3915].

16. In a March 25, 2024 email, one of the Liquidation Trustee's process servers indicated that service on Golaszewski at his last known address had been attempted 4 times. Gasper Decl. ¶ 4.

17. On March 26, 2024, another process server retained by the Liquidation Trustee advised that Golaszewski had moved and was no longer at that address. Gasper Decl. ¶ 5.

8

18. After tracking down Golaszewski's last known phone number, counsel for the Liquidation Trustee caused a representative to contact Golaszewski by phone on March 29, 2024. He agreed to meet on April 3, 2024, and his declaration was submitted on April 4, 2024. Gasper Decl. ¶ 6.

19. Given counsel's efforts to track down Golaszewski and the timing of counsel's first contact with him, the submission of his declaration on April 4, 2024, was reasonable.

20. Defendants have also failed to identify a legal basis for the relief they seek. While Golaszewski was not mentioned in the parties' February 22, 2024 stipulation, the parties nowhere stipulated to a final witness list therein. [*See* Dkt. No. 35].

21. And because, as already noted, Defendants have no due process right to depose Golaszewski prior to his live testimony, they presumably rely on their remaining, hand-waving allegations of bad faith to justify striking Golaszewski's declaration. [*See* Dkt. No. 56 ¶¶ 43-67].

22. Citing nothing but the timing of the submission of the declarations—which complied with the Court's deadline—the Defendants make a number of incredible statements, including that "[h]ere, the Trustee undoubtedly acted in bad faith." [*Id.* ¶ 48]. Defendants then urge the Court to invoke 11 U.S.C. § 105 and strike the declarations as a sanction for the Liquidation Trustee's behavior.

23. The Liquidation Trustee did not submit the declarations at issue for any improper purpose and was not attempting to "prevent Defendants from fairly presenting their case." [*Id.* ¶ 59]; Lasley Decl. ¶ 12.

24. Defendants were aware of the Trustee's expert as early as March 12. The expert sat in on Javier Torres's deposition, which took place on March 26, 2024. Lasley Decl. ¶ 5. The

9

Trustee made no effort—let alone a "bad faith" effort—to conceal that it had retained an expert in advance of the preliminary injunction hearing.

25. Likewise, the Trustee disclosed Golaszewski's identity in its interrogatory responses. Lasley Decl. Ex. B, at 4. It filed his declaration as soon as possible in light of the difficulties in perfecting service on him.

26. Indeed, in a April 5, 2024 email, counsel for the Liquidation Trustee offered to make both declarants available for a deposition prior to the preliminary injunction hearing. Lasley Decl. ¶ 14.

27. In submitting the two challenged declarations, the Liquidation Trustee complied with the Court's orders, acted in good faith, and cooperated with Defendants' counsel. The testimony of Solk and Golaszewski will aid the Court in understanding the limited value conferred on Debtors by Defendants and the role Media Effective and Javier Torres played in luring and misleading the nearly 2000 investors, many of whom have lost their life savings. There is no basis for the imposition of sanctions, and because Defendants will be able to cross-examine both declarants during the preliminary injunction hearing, their due process rights have not been violated.

28. Therefore, the Liquidation Trustee objects to Defendants' Motion and respectfully requests this Court **DENY** the Motion.

## CONCLUSION

Defendants' Motion relies on two faulty premises—first, that due process requires they be able to depose a witness who will be subject to live cross-examination; second, that the Liquidation Trustee's actions can only be attributed to bad faith. The Motion fails to identify a legal basis under which Defendants are entitled to the relief they seek. Instead, the Motion has required the Trustee

and the Court to expend valuable resources on frivolous arguments—ultimately penalizing the defrauded investors.

Therefore, the Liquidation Trustee respectfully requests this Court **DENY** the Defendants' Motion to Strike.

Dated:  April 9, 2024

                                      **ICE MILLER LLP**

                                      */s/ Louis T. DeLucia*
Louis T. DeLucia
Alyson M. Fiedler
1500 Broadway, Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

Aneca E. Lasley (admitted pro hac vice)
John C. Cannizzaro (admitted pro hac vice)
250 West Street, Suite 700
Columbus, Ohio 43215
Phone: (614) 462-1085
aneca.lasley@icemiller.com
john.cannizzaro@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust*

11

## CERTIFICATE OF SERVICE

I HEARBY CERTIFY on April 9, 2024, I filed the foregoing with the Court by uploading to the CM/ECF system for the United States Bankruptcy Court for the District of New Jersey and that a true and correct copy was served as indicated on all counsel of record via Notice of Electronic Filing.

ICE MILLER LLP

By: */s/ Louis T. DeLucia*

1500 Broadway, Suite 2900
New York, NY 10036
Telephone: (212) 835-6312

*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust*