| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis T. DeLucia<br>Alyson M. Fiedler<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>Aneca E. Lasley (admitted pro hac vice)<br>John C. Cannizzaro (admitted pro hac vice)<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Phone: (614) 462-1085<br>aneca.lasley@icemiller.com<br>john.cannizzaro@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>      Debtors. | Chapter 11<br><br>Case No:  22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>      Defendants. | Adv. Pro. No.  23-1335-JKS<br><br>Hearing Date: April 10, 2024 at 10:00 a.m. (EST) |

4892-5944-4405.3

# DECLARATION OF ANECA E. LASLEY

I, Aneca E. Lasley, having been first duly sworn upon an oath, state:

1. My name is Aneca E. Lasley. I am an adult over the age of 18, and I have personal knowledge of and am competent to testify to the facts set forth in this declaration.

2. I am one of the attorneys that represents the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust (the "Liquidation Trustee" or "Plaintiff"), appointed pursuant to the First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors (as amended and supplemented, the "Plan") [Case No. 22-14539, Docket No. 3256] and the order confirming the Plan [Case No. 22-14539, Docket No. 3599] (the "Confirmation Order"), that has been assigned and, as of the Effective Date of the Plan, holds the claims of Contributing Investors (as that term is defined in the Plan).

3. During a call on March 12, 2024, the parties' counsel discussed whether either party would retain an advertising expert.

4. On March 15, 2024, the Liquidation Trustee retained Angela Solk ("Solk") as an advertising expert.

5. Solk attended by video the deposition of Javier Torres on March 26, 2024, and she was identified on the record.

6. The parties subsequently discussed deposing their respective experts on April 8 or 9, but no decision was made.

7. On March 29, 2024, counsel for the Liquidation Trustee wrote to Defendants' counsel to inquire as to whether they would be calling an advertising expert. A true and accurate copy of the March 29, 2024 email exchange is attached hereto as **Exhibit A**.

4892-5944-4405.3

8. In that same correspondence, counsel for the Liquidation Trustee provided the name of its expert. In response, Defendants confirmed that they would be calling their advertising expert, and counsel for the Liquidation Trustee requested dates for deposition after April 4.

9. The Defendants submitted their declarations on April 4, 2024, including the declaration of Defendant's expert, Erin Arends, whose identity was not established in Defendants' responses to interrogatories or the parties' Joint Stipulation regarding the preliminary injunction hearing [Dkt. No. 35].

10. Neither party has served disclosures under Fed. R. Civ. P. 26 identifying the identity of the expert witnesses that they expect to call at trial.

11. Instead, the parties disclosed the names of potential witnesses for purposes of trial or the upcoming preliminary injunction hearing in their interrogatory responses. A true and accurate copy of the Liquidation Trustee's responses to interrogatories, served on March 18, 2024, are attached hereto as **Exhibit B**.

12. The Liquidation Trustee did not submit the declarations of Angela Solk or Patryk Golaszewski for any improper purpose—they were submitted on April 4, 2024 because the parties agreed to that date as a deadline to submit declarations and other materials in advance of the preliminary injunction hearing.

13. The Liquidation Trustee did not submit the declarations on April 4, 2024 in order to hinder the presentation or defense of Defendants' case.

14. In an April 5, 2024 email, counsel for the Liquidation Trustee offered to make both declarants available for a deposition prior to the preliminary injunction hearing. A true and accurate copy of that correspondence is attached hereto as **Exhibit C**.

4892-5944-4405.3

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 9, 2024
New York, NY

                                              */s/ Aneca E. Lasley*
                                              Aneca E. Lasley

4892-5944-4405.3