# Exhibit B

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis T. DeLucia<br>Alyson M. Fiedler<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>Aneca E. Lasley (admitted pro hac vice)<br>John C. Cannizzaro (admitted pro hac vice)<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Phone: (614) 462-1085<br>aneca.lasley@icemiller.com<br>john.cannizzaro@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>                Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>                Defendants. | Adv. Pro. No. 23-1335-JKS |

1

# PLAINTIFF AIRN LIQUIDATION TRUST CO., LLC'S RESPONSES AND ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff AIRN Liquidation Trust Co., LLC (the "Liquidation Trustee" or "Plaintiff"), in its capacity as Liquidation Trustee of the AIRN Liquidation Trust established pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* ("Plan") [Case No. 22 14539 JKS, Dkt. No. 3256] and the order confirming the Plan (the "Confirmation Order"), which has been assigned and, as of the Effective Date of the Plan, holds the claims of Contributing Investors (as that term is defined herein and in the Plan), by and through its undersigned counsel, and pursuant to Rules 26, and 33 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rules 7026, 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure, hereby submits its objections, responses and answers to the First Set of Interrogatories ("Discovery Requests") served by Javier Torres, Sr. ("Javier"), Media Effective, LLC ("Media"), Dora Dillman, Javier Torres, Jr., Natalia Torres, Paulina Torres (the "Torres Family" and collectively with Javier and Media, "Defendants") to Plaintiff.

## GENERAL OBJECTIONS

The following general objections apply to all responses and answers to the Discovery Requests as if fully stated therein:

1. Plaintiff objects insofar as any of the Discovery Requests inquire as to attorney-client privileged communications which are beyond the scope of permissible discovery.

2. Plaintiff objects insofar as any of the written discovery seeks material that constitutes impressions, conclusions, opinions, or legal theories of Plaintiff's legal counsel, or any trial preparation materials or work product within the meaning of the Federal Rules of Civil

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

2

Procedure, as made applicable to this adversary proceeding by Part VII of the Federal Rules of Bankruptcy Procedure.

3.  Plaintiff objects to the Discovery Requests to the extent they seek information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, any and all joint or common defense, joint or common prosecution privileges, and/or any other doctrine, immunity, or privilege, including but not limited to, protections concerning the discovery of confidential, trade secret, and/or proprietary information and documents. Nothing in these responses shall be construed as a waiver of any applicable privilege, immunity or doctrine. No such information will be provided. As to confidential, trade secret, and/or proprietary information and documents, no such information will be provided absent a Protective Order.

4.  Plaintiff objects to the extent that any instructions or specific item in the Discovery Requests seek to impose obligations upon Plaintiff that exceed those required by the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Part VII of the Federal Rules of Bankruptcy Procedure or by order of the Court.

5.  Plaintiff objects to the extent that the "Definitions" within the Discovery Requests seek to or purport to expand the ordinary meaning of such terms.

6.  Plaintiff objects to answering, as beyond the scope and limits of permissible discovery under Rule 26(b).

7.  Plaintiff objects to the Discovery Requests to the extent that they are unduly burdensome, overly broad, oppressive, or seek information or materials not relevant to the issues presented in the case and disproportional to the needs of the case. Plaintiff further objects to the extent a Discovery Request does not contain any temporal limitations or limitations as to scope.

8. Plaintiff objects to the Discovery Requests to the extent that they seek information or materials already within Defendants' possession, custody, or control, or information readily available in the public record.

9. A response which states that "responsive documents will be produced" is not an assurance that there are, in fact, any such documents. To the extent there are responsive documents in Plaintiff's possession, custody or control, such items will be produced.

10. Plaintiff reserves its right to assert additional objections to the Discovery Requests and to supplement or amend these responses and answers pursuant to the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Part VII of the Federal Rules of Bankruptcy Procedure.

## INTERROGATORIES

1. Identify all persons you believe have personal knowledge relating to the factual allegations in the Trustee's Complaint.

   **ANSWER**: Plaintiff objects to this Interrogatory to the extent it is overly broad, unduly burdensome, and disproportional to the needs of the case seeking a response as to "all persons" which Plaintiff believes have knowledge relating to the factual allegations in this action. Subject to and without waiving the foregoing:

   - The Liquidation Trustee
   - William B. Waldie
   - Representative(s) of the Alvarez & Marsal Disputes and Investigations practice
   - Thomas Nicholas Salzano a/k/a Nicholas Salzano
   - Glenn La Mattina
   - Bethany Salzano
   - Rey Grabato
   - Patryk Golaszewski
   - Arthur Scuttaro a/k/a Arthur Scutaro
   - Katey Kana
   - Jovic Cobarrubias
   - Natalie Petruic
   - Representative(s) of Hybrid Media Services, including but not limited to, Kevin Mannix, Serena Spallone, and former-employee Graham Keenan

4

- Tanvi Prenita Chandra
- Defendant Javier Torres, Sr.
- Defendant Javier Torres, Jr.
- Defendant Dora Dillman
- Defendant Paulina Torres
- Defendant Natalia Torres
- Representative(s) of the New Jersey Conference of Seventh-Day Adventists, Inc. d/b/a Nuevo Amanecer Spanish SDA Church f/k/a Englewood Spanish SDA Church

Discovery is ongoing in this matter. Accordingly, Plaintiff reserves the right to amend or supplement this response.

2. State all facts that show when the Debtor became or was rendered insolvent.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff contends that a presumption of insolvency arises from the fact that NRIA operated as a Ponzi scheme as admitted to by Thomas Nicholas Salzano a/k/a Nicholas Salzano in his allocution. Additionally, the date of the Debtors' insolvency is evidenced by its financial information which establishes that from at least approximately February 2019, the Debtors were unable to meet their debts as they came due from operating revenue absent the infusion of additional investor funds through the continued perpetration of the Ponzi scheme, which was aided and abetted by Defendants' conduct, from which fraud Defendants benefitted.

3. State all facts that support the allegations that the Debtor was perpetrating a Ponzi scheme in 2016.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff will supplement its response in a narrative format at deposition or hearing in this matter, but states that Thomas Nicholas Salzano a/k/a Nicholas Salazno, the "shadow" chief executive of National Realty Investment Advisors LLC, recently pleaded guilty to orchestrating a scheme to defraud more than 2,000 investors in excess of $600 million in the Debtors' Ponzi scheme, including a guilty plea as to counts for securities fraud, conspiracy to commit wire fraud, and conspiracy to defraud the United States. Further answering, Plaintiff refers Defendants to Nicholas Salzano's allocution and Judge Sherwood's Decision and Order Re: S3 Motion to Dismiss dated January 5, 2024 in the action styled *AIRN Liquidation Trust v. S3 RE Bergenline Funding LLC, at al.*, Adv. Pro. No. 23-01169, reasoning that "here, the 'Ponzi scheme presumption' establishes NRIA's actual intent to

5

defraud, because 'transfers made in the course a Ponzi scheme could have been made for no purpose other than to hinder, delay or defraud creditors.'" (internal citations omitted).

4. State all facts supporting the allegations in Paragraph 3 of your Complaint that the transactions between Media, Torres, and the Debtor were a ruse, fraudulent, or part of a "guise".

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Media Effective LLC and Javier Torres, Sr. Subject to and without waiving the foregoing objections, Plaintiff states that Media Effective LLC, through Javier Torres, Sr., marked up its fees well above industry standard and/or misrepresented its mark up and failed to provide commensurate value to the Debtors' estate for the alleged services.

5. State all facts supporting the allegations that Media and Torres aided in and/or had knowledge of the alleged Ponzi scheme.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Media Effective LLC and Javier Torres, Sr. Subject to and without waiving the foregoing objections, Plaintiff states that Media Effective LLC and Javier Torres, Sr. served in a position of trust to known criminal Thomas Nicholas Salzano a/k/a Nicholas Salzano in operating a Ponzi scheme that relied primarily on advertising to attract investor money. This advertising, significantly facilitated by Media Effective and Torres, aided in the exponential growth of the Ponzi scheme. Any further detail is more suitable in a narrative format at deposition or hearing in this matter.

6. State all facts that support the allegation that Torres was aware the principals of the Debtor were engaging in securities fraud.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, Plaintiff states that Media Effective LLC and Javier Torres, Sr., played a key role in facilitating the advertising and sale of unregistered securities that guaranteed a rate of return between 10-21% from the sale of interests in properties when, in fact, Debtors were reliant on new investor money to pay returns on money invested by earlier investors. This includes working with Nicholas Salzano to respond to advertisers' questions and quell concerns about NRIA's business model and significant, guaranteed returns. Any further detail is more suitable in a narrative format at deposition or hearing in this matter.

7. State all facts that you allege demonstrate that the Debtor did not receive fair value or a reasonable exchange in its media purchases from Torres or Media.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, *see* response to Interrogatory No. 4.

8. List the names of all employees of the Debtor you allege knew that a Ponzi Scheme was being committed.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further contends that the disclosure of all employees Plaintiff alleges knew that a Ponzi scheme was being committed would undermine Plaintiff's ongoing investigation and is not relevant to what Defendants knew or should have known. Subject to and without waiving the foregoing objections, Plaintiff states that Thomas Nicholas Salzano a/k/a Nicholas Salazno,

7

the "shadow" chief executive of National Realty Investment Advisors LLC, recently pleaded guilty to orchestrating a scheme to defraud more than 2,000 investors in the Debtors' Ponzi scheme, including a guilty plea as to securities fraud, conspiracy to commit wire fraud, and conspiracy to defraud the United States.

9. Do you believe that the Debtor's internal marketing person aided and abetted in the operation of a Ponzi scheme?

**ANSWER**: Plaintiff objects to this request to the extent the terms "believe" and "internal marketing person" are vague and ambiguous. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff contends that its belief regarding any other person's role in the Ponzi scheme is not relevant to its claims against Defendants and disclosure of the same would undermine Plaintiff's ongoing investigation and recovery strategy. Plaintiff will not hypothesis or speculate as to a response to this Interrogatory. Plaintiff will supplement its response upon Defendants' revising and narrowing of this request.

10. List the names of all employees of the Debtor you allege knew that the Debtor was violating New Jersey Securities Laws.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff contends that its belief regarding any other person's role in the Ponzi scheme is not relevant to its claims against Defendants and disclosure of the same would undermine Plaintiff's ongoing investigation and recovery strategy. Plaintiff further states that Thomas Nicholas Salzano a/k/a Nicholas Salazno, the "shadow" chief executive of National Realty Investment Advisors LLC, recently pleaded guilty to orchestrating a scheme to defraud more than 2,000 investors in excess of $600 million in the Debtors' Ponzi scheme, including a guilty plea as to counts for securities fraud, conspiracy to commit wire fraud, and conspiracy to defraud the United States.

11. State the factual basis for your belief that the Debtor's internal marketing person aided and abetted in the violation New Jersey Securities Laws.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent the term "internal marketing person" is vague and ambiguous. Subject to and without waiving the foregoing objections, Plaintiff is unaware of any such allegation in its Amended Verified Complaint.

8

12. State the factual basis for your belief that the Debtor's internal marketing person aided and abetted in commission of a Ponzi scheme.

**ANSWER**: *See* objections and response to Interrogatory No. 11.

13. State how Torres perpetrated a scheme to defraud the Trust.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff will supplement its response in a narrative format at deposition or hearing in this matter, but answers that, without limitation, the transactions and ongoing discovery demonstrate examples of Javier Torres, Sr. withdrawing and/or otherwise transferring funds between and among Media Effective LLC and Javier Torres, Sr.'s personal accounts and concealing transfers of funds by not being transparent and/or cooperative in responding to discovery and accounting demands, including without limitation, not producing complete financial records, providing incomplete responses to the Rule 2004 Subpoenas issued to Media Effective LLC and Javier Torres, Sr., and by their failure to comply with Defendants' accounting obligation in the Temporary Restraining Order entered by this Court.

14. Do you believe that failing to timely respond to a Subpoena is an act to defraud the Trust?

**ANSWER**: Plaintiff objects to this request to the extent the term "believe" is vague and ambiguous. Plaintiff will not hypothesis or speculate as to a response to this request. Subject to and without waiving the foregoing objections, Media Effective LLC and Javier Torres, Sr.'s failure to timely or completely respond to the respective Rule 2004 Subpoenas issued to them further evidences their attempts to evade and conceal information from the Trustee and therefore the Trust.

15. State all facts that support the allegation that the money paid to Torres or Media was intended to hinder or delay creditors.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is

9

ongoing. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff will supplement its response in a narrative format at deposition or hearing in this matter, but answers that, without limitation, the transactions and ongoing discovery demonstrate examples of Javier Torres, Sr. withdrawing and/or otherwise transferring funds between and among Media Effective LLC and Javier Torres, Sr.'s personal accounts and concealing transfers of funds by not being transparent and/or cooperative in responding to discovery and accounting demands. Further answering, significant transfers occurred between NRIA and Media Effective after Nicholas Salzano's arrest on March 4, 2021 (*See* Ex. A First Amended Verified Complaint showing approximately $14,630,422 in transfers), and further, approximately $6.8 million (derived from NRIA) was transferred from Media Effective LLC and Javier Torres bank accounts to investment accounts for the benefit of Javier Torres after the Petition Date. Further answering, Plaintiff refers Defendants to Judge Sherwood's Decision and Order Re: S3 Motion to Dismiss dated January 5, 2024 in the action styled *AIRN Liquidation Trust v. S3 RE Bergenline Funding LLC, at al.*, Adv. Pro. No. 23-01169, reasoning that "here, the 'Ponzi scheme presumption' establishes NRIA's actual intent to defraud, because 'transfers made in the course a Ponzi scheme could have been made for no purpose other than to hinder, delay or defraud creditors.'" (internal citations omitted).

16. Was the Trustee aware that Torres and Media hired an attorney to respond to the Subpoena issued to Media and Torres?

**ANSWER**: Plaintiff states it was made aware at some point of Javier Torres, Sr. and Media Effective LLC retaining counsel to respond to the Rule 2004 Subpoenas issued to them.

17. State all facts which support any claims that Torres knew that the Debtor's real estate investments were not profitable.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing.  Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, it is unclear from the Amended Verified Complaint where such an allegation was made.  Nevertheless, *see* response to Interrogatory No. 5.

18. If you assert that Torres created scripts for the advertisements, identify any and all dates when he did so.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to the documents Plaintiff produced on March 14, 2024, including those communications in which Javier Torres, Sr. revised and/or transmitted scripts.

19. State any and all facts that you claim support the allegations in the Trustee's Complaint that Torres: "aided and abetted" in the perpetration of a Securities Fraud under New Jersey law, including the date you believe Torres first aided and abetted in the commission of a Securities Fraud.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, *see* response to Interrogatory No. 6 and state that as the Plaintiff's investigation is ongoing it is unclear at this time as to a specific date that Javier Torres, Sr. first aided and abetted in the commission of a securities fraud.

20. State all transactions disclosed by you in the Accounting that you assert were fictitious, made up, or fabricated by Torres or Media to the Debtor.

**ANSWER**: Plaintiff objects that the term "Accounting" is undefined, vague, and ambiguous. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres,

Sr. himself. Subject to and without waiving the foregoing objections, Plaintiff states that Defendants have not yet produced all documents necessary to perform an accounting, yet Plaintiff refers Defendants to the documents produced by Plaintiff on March 14, 2024 which evidence fictitious, made up, or fabricated transactions.

21. State all transactions disclosed by you in the Accounting that you assert were not provided by Torres or Media to the Debtor.

**ANSWER**: *See* objections and response to Interrogatory No. 20.

22. State all facts that you allege support the imposition of a Constructive Trust.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine and a legal conclusion. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, Defendants' receipt of Debtors/Investors' money which exceeded the value or benefit conferred by Defendants; undisclosed movement or transfer of Debtors/Investors' money; failure to cooperate in discovery in response to Rule 2004 subpoenas; transfers of large sums of money to Nuevo Amanecer Spanish SDA Church fka Englewood Spanish SDA Church, which Javier Torres, Sr., owned and managed a bank account for and was the Treasurer of that church; and Defendants' failure to produce records necessary to conduct an accounting.

23. Identify all facts supporting the allegation that Torres was aware of the facts alleged in paragraphs 43 through 46 of your Complaint.

**ANSWER**: Since receiving these Discovery Requests, a First Amended Verified Complaint was filed [Dkt No. 0031] with the former paragraphs 43-46 now referred to as paragraphs 42-45. For purposes of this response, Plaintiff is responding as to paragraphs 42-45 of the First Amended Verified Complaint. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, Plaintiff states that Defendants' own Answer to the Amended Verified Complaint allege and admit that "[t]hrough the efforts of Javier and Media, the Debtors generated hundreds of millions of dollars in revenue."; Media Effective LLC and Javier Torres, Sr. served in a position of trust to known criminal Thomas Nicholas Salzano a/k/a Nicholas Salzano in operating a Ponzi scheme

that relied primarily on advertising to attract investor money; Javier Torres, Sr., met frequently with Nicholas Salzano at NRIA to exchange checks in person and meet, often on biweekly or even weekly intervals at the height of the Debtors Ponzi scheme.

24. Explain how the activity of Torres as alleged in paragraph 47 of your Complaint aided the Debtor in the perpetration of a Ponzi scheme or securities fraud.

**ANSWER**: Since receiving these Discovery Requests, a First Amended Verified Complaint was filed [Dkt No. 0031] with the former paragraph 47 now referred to as paragraph 46. For purposes of this response, Plaintiff is responding as to paragraph 46 of the First Amended Verified Complaint. Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory is premature, and discovery is ongoing. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, Plaintiff states that Defendants' own Answer to the Amended Verified Complaint allege and admit that "[t]hrough the efforts of Javier and Media, the Debtors generated hundreds of millions of dollars in revenue." Further responding, *see* response to Interrogatory No. 4 and documents Plaintiff produced on March 14, 2024.

25. State all facts that support your allegation that Torres attempted to move any of his accounts after the Trustee served its Subpoena upon Torres and/or Media, including the date he allegedly did so.

**ANSWER**: Plaintiff objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to this Interrogatory to the extent that the requests call for a narrative response more appropriate for a deposition. Plaintiff further objects to this Interrogatory as it is vague, overbroad, and unduly burdensome. Plaintiff further objects to the extent this Interrogatory seeks information readily known to Javier Torres, Sr. himself. Subject to and without waiving the foregoing objections, Plaintiff (formerly the Committee) caused Rule 2004 Subpoenas to be issued to Javier Torres, Sr. and Media Effective LLC on January 20, 2023. That production was wholly deficient and therefore the dates on which Javier Torres, Sr. moved money between his accounts are not known in full. The improper transfers of funds by Javier Torres, Sr. and/or Media Effective LLC known to Plaintiff are more fully set forth in the *First Amended Verified Complaint* and in the documents produced by Plaintiff on March 14, 2024.

| | |
|---|---|
| Dated: March 18, 2024 | **ICE MILLER LLP** |
| | |
| | */s/ Aneca E. Lasley* |
| | Louis T. DeLucia, Esq. |
| | Alyson M. Fiedler, Esq. |
| | 1500 Broadway |
| | Suite 2900 |
| | New York, NY 10036 |
| | Phone: (212) 835-6312 |
| | louis.delucia@icemiller.com |
| | alyson.fiedler@icemiller.com |
| | |
| | Aneca E. Lasley (admitted pro hac vice) |
| | John C. Cannizzaro (admitted pro hac vice) |
| | 250 West Street, Suite 700 |
| | Columbus, Ohio 43215 |
| | Phone: (614) 462-1085 |
| | aneca.lasley@icemiller.com |
| | john.cannizzaro@icemiller.com |
| | |
| | *Counsel to the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[2]<br><br>                Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>                Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC; JAVIER TORRES; JAVIER TORRES, JR.; DORA DILLMAN; NATALIA TORRES; PAULINA TORRES; NEW JERSEY CONFERENCE OF SEVENTH-DAY ADVENTISTS, INC. dba NUEVO AMANECER SPANISH SDA CHURCH fka ENGLEWOOD SPANISH SDA CHURCH; and JOHN DOES 1-100,<br><br>                Defendants. | Adv. Pro. No. 23-1335-JKS |

## CERTIFICATE OF SERVICE

I, Aneca E. Lasley, hereby certify that I served a copy of the foregoing Responses and Answers to Defendants' First Set of Interrogatories to the following counsel via the below-referenced email addresses on the date appearing below:

        Edmond M. George, Esq.
        Michael Vagnoni, Esq. (admitted pro hac vice)
        OBERMAYER REBMANN MAXWELL & HIPPEL LLP
        Centre Square West
        1500 Market Street, Suite 3400
        Philadelphia, PA 19102

---

[2] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

15

        edmond.george@obermayer.com
        michael.vagnoni@obermayer.com

Dated: March 18, 2024　　　　　　　　　　**ICE MILLER LLP**

        */s/ Aneca E. Lasley*
        Louis T. DeLucia, Esq.
        Alyson M. Fiedler, Esq.
        1500 Broadway
        Suite 2900
        New York, NY 10036
        Phone: (212) 835-6312
        louis.delucia@icemiller.com
        alyson.fiedler@icemiller.com

        Aneca E. Lasley (admitted pro hac vice)
        John C. Cannizzaro (admitted pro hac vice)
        250 West Street, Suite 700
        Columbus, Ohio 43215
        Phone: (614) 462-1085
        aneca.lasley@icemiller.com
        john.cannizzaro@icemiller.com

        *Counsel to the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust*

## VERIFICATION

STATE OF Delaware        )
                         ) SS.
COUNTY OF New Castle     )

I, Matthew Ward, being first duly sworn, state that he is authorized to answer these Interrogatories; that he has read the answers; and that the answers are accurate to the best of his knowledge, recollection, and belief.

By: AIRN Liquidation Trust Co., LLC, Liquidation Trustee of the AIRN Liquidation Trust

By: Thetford Holding Co. LLC, Sole Member and Manager

Signed: _____
Name: Matthew Ward
Title: Sole Member and Manager

SWORN TO BEFORE ME, a Notary Public, in and for the State of Delaware, and subscribed in my presence this 19 day of March, 2024.

_____
NOTARY PUBLIC

[Notary Seal: SUSAN L. GLAMMER, MY COMMISSION EXPIRES May 5, 2027, NOTARY PUBLIC STATE OF DELAWARE]

17