# Exhibit C

**From:** Lasley, Aneca
**Sent:** Friday, April 5, 2024 10:06 AM
**To:** George, Edmond <Edmond.George@obermayer.com>
**Cc:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>; DeLucia, Louis <Louis.DeLucia@icemiller.com>; Arras, Erica <Erica.Arras@icemiller.com>
**Subject:** RE: NRIA v. Torres

Ed,

Regarding Javier's testimony, I get that that is his testimony, but that doesn't make it a stipulated fact.

Regarding Angela Solk, I disclosed to you that we had an advertising expert on our call on March 12. She sat in on Javier Torres's deposition, and we even discussed deposing our respective experts early next week. (As an aside, I no longer think it is necessary to depose our experts. We know what they are going to say and can just cross them, but if you want a deposition, we will do depositions. My only condition is that if you depose ours, we depose yours.)

Regarding Patryk Gosalewski, we had been searching for him even before Javier's deposition but could not locate him. Given Javier's testimony about Patryk's role after Javier says he stopped communicating with Salzano, we doubled down our efforts and found him. This is not intended to be trial by ambush, and we will make ourselves available for a deposition early next week if you want one. He can confirm when he was first located and when we first talked to him.

Regarding La Mattina, you know full well that counsel for the Liquidation Trustee had nothing to do with La Mattina perjuring himself, and you should withdraw your sanctions motion against us. You did ask me about his declaration as you were walking out, and I told you that what you did that day was helpful to the Trustee and we should talk. You never brought it up again before filing your motion, but why would I continue to rely on a witness who clearly says whatever he thinks he needs to say to protect his own self-interest?

As for Waldie, we disagree about his testimony and that will be resolved at the hearing as it should be.

I will finalize the joint stipulations of fact and circulate the final draft for submission.

Best,
Aneca

**Aneca Lasley**
Partner
Aneca.Lasley@icemiller.com
**p** 614-462-1085 **f** 614-232-6899
**c** 614-570-0136

**From:** George, Edmond <Edmond.George@obermayer.com>
**Sent:** Friday, April 5, 2024 9:46 AM
**To:** Lasley, Aneca <Aneca.Lasley@icemiller.com>
**Cc:** Vagnoni, Michael <Michael.vagnoni@obermayer.com>
**Subject:** NRIA v. Torres

Here are my revisions. I would ask you to look at Javier's deposition transcript where he testifies that he didn't learn of Salzano's false records until 2021.

I also wanted to mention that we are likely to object to the Patrick Declaration and to the Declaration of the expert witness Solk. We had a Stipulation on who was testifying. and who could be deposed. You never identified Solk in your discovery disclosures. We listed Erin in ours.
Only yesterday you guys dropped Glenn and added Patrick.

This isn't supposed to be trial by ambush with you showing up at court with new and undisclosed witnesses. That is the same thing I complained about at the first scheduling.

I get It, we proved Glen was a fraud and Waldie didn't help your case. I asked at the end of Glen's Deposition whether you were withdrawing his Declaration and you never answered me. But if we are talking about gamesmanship, this is more than the height.


Best

Ed





**Edmond M. George, Esquire, LLM**
Chairman, Creditor's Rights and Financial Reorganization Group

**Obermayer Rebmann Maxwell & Hippel LLP**
Centre Square West
1500 Market Street | Suite 3400
Philadelphia, PA 19102-2101
215.665-3140 tel | 215.665.3165 fax
edmond.george@obermayer.com | www.obermayer.com

Super Lawyers
Pennsylvania: 2014, 2022-2024
New Jersey: 2013, 2014, 2018, 2019

Best of the Bar 2018
Philadelphia Business Journal

