| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis T. DeLucia<br>Alyson M. Fiedler<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>Aneca E. Lasley (admitted pro hac vice)<br>John C. Cannizzaro (admitted pro hac vice)<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Phone: (614) 462-1085<br>aneca.lasley@icemiller.com<br>john.cannizzaro@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>                Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>                Defendants. | Adv. Pro. No. 23-1335-JKS<br><br>Hearing Date: April 10, 2024 at 10:00 a.m. (EST) |

## **DECLARATION OF GEORGE A. GASPER**

I, Aneca E. Lasley, having been first duly sworn upon an oath, state:

1. My name is George A. Gasper. I am an adult over the age of 18, and I have personal knowledge of and am competent to testify to the facts set forth in this declaration.

2. I am one of the attorneys that represents the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust (the "Liquidation Trustee" or "Plaintiff"), appointed pursuant to the First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors (as amended and supplemented, the "Plan") [Case No. 22-14539, Docket No. 3256] and the order confirming the Plan [Case No. 22-14539, Docket No. 3599] (the "Confirmation Order"), that has been assigned and, as of the Effective Date of the Plan, holds the claims of Contributing Investors (as that term is defined in the Plan).

3. On March 14, 2024, the Liquidation Trustee filed a subpoena for the Rule 2004 examination of Golaszewski. The Liquidation Trustee diligently attempted to perfect service of the subpoena on Golaszewski thereafter.

4. In a March 25, 2024 email, one of the Liquidation Trustee's process servers indicated that service on Golaszewski at his last known address had been attempted 4 times.

5. On March 26, 2024, another process server retained by the Liquidation Trustee advised that Golaszewski had moved and was no longer at that address.

6. After tracking down Golaszewski's last known phone number, counsel for the Liquidation Trustee caused a representative of the Liquidation Trustee to contact Golaszewski by phone on March 29, 2024. He agreed to meet with counsel on April 3, 2024, and his declaration was submitted on April 4, 2024.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 9, 2024
Indianapolis, Indiana

*/s/ George A. Gasper*
George A. Gasper