UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**ICE MILLER LLP**
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway
Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

Aneca E. Lasley (admitted pro hac vice)
John C. Cannizzaro (admitted pro hac vice)
Erica L. Arras (admitted pro hac vice)
250 West Street, Suite 700
Columbus, Ohio 43215
Phone: (614) 462-1085
aneca.lasley@icemiller.com
erica.arras@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.*

In re:

NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,

                Debtors.

Chapter 11

Case No: 22-14539-JKS

(Jointly Administered)

AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,

                Plaintiff,
v.

MEDIA EFFECTIVE LLC, *et al.*,

                Defendants.

Adv. Pro. No. 23-1335-JKS

Hearing Date: July 19, 2024 at 10:00 a.m. (EST)

# DECLARATION OF WILLIAM B. WALDIE

I, William B. Waldie, having been first duly sworn upon an oath, state:

1. I am an adult over the age of 18, and I have personal knowledge of and am competent to testify to the facts set forth in this declaration.

2. I am a Managing Director with Alvarez & Marsal's Disputes and Investigations practice in New York.

3. I am a Certified Public Accountant and Certified Fraud Examiner and have over thirty years of experience in complex internal corporate investigations, anti-corruption and FCPA, fraud and embezzlement, money laundering and forensic accounting investigations, including experience conducting and managing Ponzi scheme investigations, and similar types of fraud.

4. Alvarez & Marsal ("A&M") was retained initially in connection with the above-captioned Debtors' jointly administered chapter 11 cases to act as financial advisor to the Official Committee of Unsecured Creditors ("Committee"). *See* Case No. 22-14539, Dkt. No. 368. A&M was retained thereafter by the AIRN Liquidation Trust, by and through AIRN Liquidation Trust Co., LLC, the Liquidation Trustee appointed pursuant to the First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors (as amended and supplemented, the "Plan") [Case No. 22-14539, Dkt. No. 3256] and the order confirming same [Case No. 22-14539, Dkt. No. 3599] (the "Confirmation Order").

5. As financial advisor to the Committee and now to the Liquidation Trustee, A&M has undertaken an investigation of the Debtors' finances, including identifying any indicia of fraud. The team at A&M includes experts in restructuring, insolvency, fraud investigations, and advertising.

6.      I have personally participated in and have overseen A&M's investigation of the Debtors' financial transactions to date. In connection with this investigation, A&M reviewed thousands of documents made available to us by the Debtors and through third-party subpoenas, performed financial analysis, conducted interviews, performed intelligence research and asset tracing on certain subjects, prepared sworn expert declarations, attended depositions, and various other investigative duties.

7.      A&M analyzed financial transactions for National Realty Investment Advisors, LLC ("NRIA"), and NRIA Partners Portfolio Fund I, LLC (the "Fund") (collectively with "NRIA," and their debtor affiliates, the "Debtors") between January 2016 to present. This includes numerous NRIA transactions involving Media Effective LLC and its owner, and only employee, Javier Torres.

8.      A&M has also analyzed financial transactions for Media Effective LLC and Javier Torres through documents produced in response to Rule 2004 Subpoenas and discovery in this matter.

9.      I submit this Declaration in support of the Liquidation Trustee's *Objection to the Motion of Javier Torres, Media Effective, LLC, Dora Dillman, Javier Torres, Jr., Natalia Torres, and Paulina Torres for an Order Pursuant to Federal Rule of Bankruptcy Procedure 7052, or in the Alternative, the Liquidation Trustee's Cross-Motion for an Order Pursuant to Federal Rule of Bankruptcy Procedure 7052*.

10.     Based upon data sourced from Media Effective LLC and Torres' document production in a file entitled "Payments to EMERGING NETWORKS Media Suppliers on Behalf of National Realty Investment Advisors" (TORRES_MEDIAEFFECTIVE050555), A&M

analyzed that data and calculated Media Effective's markup for advertisements placed through Emerging Networks LLC.

11. The Torres Defendants have not produced actual Emerging Networks, LLC invoices for Media Effective LLC's advertisements placed for NRIA, but counsel to the Liquidation Trustee has requested the supplemental production of those documents. Nevertheless, based upon the review of documents available to date produced by the Torres Defendants and described in Paragraph 10 herein, A&M has been able to calculate Media Effective LLC's average mark-up on Emerging Networks LLC advertisement spend.

12. Attached hereto as **Exhibit 1** is a summary chart of the average mark-up percentage by year from 2016 through 2021. From 2016 through December 2021, the average mark-up Media Effective LLC charged NRIA for its buys through Emerging Networks LLC was approximately 30%.

13. Attached hereto as **Exhibit 2** is additional back up source data for the summary depicted in **Exhibit 1** for payments from Media Effective LLC to Emerging Networks LLC. Based upon A&M's analysis on a monthly basis, in October 2019, Media Effective LLC paid Emerging Networks LLC twice for NRIA advertisements, which were to air on two different Asian networks collectively (e.g., Willow TV and Pakistani TV) during the weeks between October 14th and November 4th 2019. The mark-up NRIA paid to Media Effective LLC on those payments was 34% and 24% respectively. In October 2019, Torres indicated to NRIA he would charge a 15% commission for advertisements made with other Asian advertisers including Zee TV, Sony TV, TV Asia, and Aapka which conflicts with other mark-ups charged by Torres in October 2019 (i.e., 34% and 24%). *See* Plaintiff's Prelim. Inj. H'rg Exhibit 33. Prior to October 2019, Media Effective LLC charged NRIA a 46% mark-up for spots that aired in October 2018 on seven Asian TV

networks including Zee TV, Sony TV, TV Asia, and Aapka. It is not until October 2021 that the mark-up to NRIA is the 15% mark-up observed for purchases in the Asian market.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 8, 2024
New York, New York

/s/ William B. Waldie
William B. Waldie
Alvarez & Marsal Disputes and Investigations, LLC
Managing Director