| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**ICE MILLER LLP**<br>Louis T. DeLucia<br>Alyson M. Fiedler<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>Aneca E. Lasley (admitted pro hac vice)<br>John C. Cannizzaro (admitted pro hac vice)<br>Erica L. Arras (admitted pro hac vice)<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Phone: (614) 462-1085<br>aneca.lasley@icemiller.com<br>erica.arras@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>                Plaintiff,<br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>                Defendants. | Adv. Pro. No. 23-1335-JKS<br><br>Hearing Date: July 19, 2024 at 10:00 a.m. (EST) |

**ORDER GRANTING CROSS-MOTION OF THE LIQUIDATION TRUSTEE FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7052**

The relief set forth on the following pages, numbered three (3) through and including four (4) is hereby **ORDERED**.

Upon consideration of the *Cross-Motion of the Liquidation Trustee for an Order Pursuant to Federal Rule of Bankruptcy Procedure 7052* (the "Cross-Motion") by the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust (the "Liquidation Trustee," "Trustee," or "Plaintiff"), for an entry of an order (this "Order") finding that the Liquidation Trustee is entitled to judgment pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52(c) in its favor on all counts of the First Amended Complaint [Dkt. No. 31], and a hearing having been held before the Court to consider the relief requested in the Cross-Motion on July 19, 2024 (the "Hearing"); and due notice of the Cross-Motion and the Hearing having been provided to the Debtors and all other parties in interest, with such notice being proper and sufficient and no further notice being required; and after full consideration of the entire record before the Court at the Hearing and Preliminary Injunction Hearing; and the Court having found that it has jurisdiction over the matters raised in the Cross-Motion; and the Court having considered all objections to the Cross-Motion; and upon the presentation of counsel and the evidence proffered and adduced at the Hearing; and upon due deliberation and the reasons set forth on the record of the Hearing; and for sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Judgment is hereby **ENTERED** in favor of the Liquidation Trustee on all counts of the First Amended Complaint as follows:

    a. Count I: Actual Fraudulent Transfers against the Torres Defendants in the amount of $_____;

    b. Count II: Constructive Fraudulent Transfers against the Torres Defendants in the amount of $_____;

c. Count III: Aiding and Abetting Securities Fraud Under New Jersey Law against Media Effective LLC and Javier Torres, Sr. in the amount of $_____;

d. Count IV: Fraud against Media Effective LLC and Javier Torres, Sr. in the amount of $_____;

e. Count V: Aiding and Abetting Fraud against Media Effective LLC and Javier Torres, Sr. in the amount of $_____;

f. Count VI: Unjust Enrichment against the Torres Defendants in the amount of $_____;

g. Count VII: An Order imposing a constructive trust as sought in Count VII of the First Amended Complaint; and

h. Count IX: To the extent not produced already, an Order directing Media Effective LLC and Javier Torres, Sr. to perform a full and complete accounting of all of the Debtors' transfers to or for the benefit of the Defendants for the period of January 1, 2016 through the date of this Order.

3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.