UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**Edmond M. George, Esquire**<br>**OBERMAYER REBMANN MAXWELL**<br>**& HIPPEL, LLP**<br>**1120 S NJ 73**<br>**Suite 420**<br>**Mount Laurel, NJ  08054**<br>***Counsel to Defendants Javier Torres, Media Effective, LLC, Dora Dillman, Javier Torres, Jr., Natalia Torres, Paulina Torres.*** | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No:  22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>          Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>          Defendants. | Adv. Pro. No.  23-1335-JKS<br><br>**ANSWER OF DEFENDANTS WITH AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Javier Torres ("Javier"), Media Effective, LLC ("Media"), Dora Dillman, Javier Torres,

Jr., Natalia Torres, Paulina Torres (the "Torres Family" and together with Javier and Media, the

"Defendants"), by and through their undersigned counsel, Obermayer, Rebmann, Maxwell &

Hippel LLP, hereby file this Answer with Affirmative Defenses to the AIRN Liquidating Trust,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

PLAINTIFF'S
EXHIBIT

**93**

and the Liquidating Trustee's (the "Trustee") First Amended Complaint (the "Complaint") as follows:

## I. INTRODUCTION

The Trustee's instant lawsuit is a "shoot first, ask questions later" approach to this case and this litigation. The Trustee persists in making allegations throughout the case that Javier "aided and abetted" in the alleged Ponzi scheme. In order to validly or legally do so, the Trustee would have to establish that Javier was aware of each and every one of the elements of the alleged bad acts and assisted in completing them. Not a single fact has been alleged in the Complaint to support the notion that Javier "aided and abetted" the alleged wrongdoers in this case, or that he knew of the principals' alleged wrongdoing. All that has been alleged in the Complaint that is not argument or surplusage, is that Javier and then Media received moneys for advertising, which Javier placed as a third-party media vendor, and had nothing to do with operations of National Realty Investment Advisors, LLC ("NRIA" and together with the other debtors, the "Debtors")or any of the messaging sent out to customers. Though the Trustee has been provided a full accounting for every dollar spent on advertising with Javier and Media, he persists in his baseless allegations. Indeed, from the efforts of Javier, Media and other third-party advertisers, hundreds of millions of dollars were invested in the Debtors; far in excess of the expenditures made by the Debtors to Javier or Media. The Debtors received more than reasonable value for the claimed exchange. By painting Javier and Media as parties with knowledge of the Debtors' bad acts, by conclusion and innuendo, the Trustee chooses to sully and blacken Javier's reputation, rather than allege facts supporting his specious claims. The Trustee's claims are baseless and unsupported even by a liberal reading of his pleading.

## II.    ANSWER

1.      Denied as stated. Javier and Media were third-party vendors who acted as media agents for the placement of advertising on radio and television.

2.      Admitted in part, denied in part.  It is admitted that initially, Javier was a sole proprietor.  Subsequently, Javier set up Media as a single-member LLC.  It is specifically denied that Javier's business was a "one man show."  Javier had extensive industry contacts that gave him access to advertising on national and international platforms.  Javier and Media deny any innuendo, allegation, or assertion that either was not legitimately conducting business.

3.      Denied. The Trustee uses the pejorative word "guise" in referencing the services provided by Media and Javier. The services were legitimate and lawful, and the content was written exclusively by the Debtors' management. To be clear, neither Javier nor Media wrote media content. Moreover, the Debtors spent over $50,000,00.00 in additional media purchases from vendors other than Javier or Media.

4.      Denied.

5.      Denied.  It is specifically denied that either Javier or Media had any inkling of any alleged illegality.  Javier is unsure what it means to operate "like a Ponzi scheme." To be clear, Javier and Media were third-party vendors providing media agency services to the Debtors, unaware of any scheme by management.

6.      Denied.  Javier and Media have provided evidence of all payments including invoices and cancelled checks to Trust counsel, who has not analyzed the documents yet.  Javier and Media provided media services at competitive market rates because of his knowledge and experience in the industry.  Through the efforts of Javier and Media, the Debtors generated hundreds of millions of dollars in revenue.

7.      Admitted in part, denied in part. It is admitted that Javier and Media received payments.  All legal conclusions are denied.  It is specifically denied that any of the payments made were in any way fraudulent or are recoverable from the Defendants.

8.      Denied.  It is specifically denied that Javier or Media had any inkling how investor moneys were being utilized.  Neither Javier nor Media were officers or employees of the Debtors.  Moreover, the Debtors received full value for the moneys spent with Javier or Media. The moneys later transferred by Javier or Media were not the property of the estate, but were profits earned on work provided by Javier and Media to the Debtors.

9.      Denied. It is specifically denied that the Debtors did not receive full or equivalent value for the transfers to Javier and Media.  Moreover, neither Javier nor Media did anything to hinder or delay the Trustee

10.     Denied.  All moneys used or spent by Javier or Media were profits. All moneys transferred by Javier or Media, including to the churches or the Torres Family were earned by each.  Javier did nothing to secrete these assets.

11.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  It is specifically denied that the Trustee has brought any valid claims for recovery of payments made to Javier or Media, or any subsequent transfer to subsequent transferees, including the Torres Family.

### III.     JURISDICTION AND VENUE

12.     Admitted.

13.     Admitted in part, denied in part. The state law claims for aiding and abetting and for fraud and abetting fraud are not core claims.

14.     Admitted.

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Denied. These allegations are legal conclusions to which no response is
required.

### IV.   **PARTIES**

19.     Denied.

20.     Denied.  The Trust is a writing consisting of numerous pages and all
characterizations thereof are denied.

21.     Admitted that Media is a New Jersey Limited Liability Company.

22.     Denied as stated.  Javier initially did business as a sole proprietor before
starting Media as a limited liability company.

23.     Denied as stated.  Javier lives at 148 Bayside Dr., Atlantic Highlands, NJ
07716.

24.     Admitted in part, denied in part.  Though listed as a 1% owner, Javier Jr.
was never a participant in Media's business.  The interests were granted for estate purposes.

25.     Admitted.

26.     Admitted in part, denied in part.  Though listed as a 1% owner, Natalia
was never a participant in Media's business.  The interests were granted for estate purposes.

27.     Admitted in part, denied in part.  Though listed as a 1% owner, Paulina
was never a participant in Media's business.  The interests were granted for estate purposes.

28.     Denied.  Directed to non-answering Defendant.

29.     Denied.  Directed to non-answering Defendant.

30.     Denied.

## V.     BACKGROUND

### A.     Overview of Chapter 11 Cases

31.     Admitted.

32.     Admitted.

33.     Denied.  After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

34.     Denied.

35.     Admitted.

### B.     NRIA's Business Structure and Scheme.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.  After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

40.     Denied. After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

41.     Denied. After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

42.     Denied. After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

43.     Denied. After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

44.     Denied.

45.     Denied.  Neither Javier nor Media were aware of Solzano's control or alleged criminal background.

46.     Denied.  It is specifically denied that the Defendants assisted or aided the Debtors or their principals in any unlawful activities, of which Defendants were unaware. Defendants specifically deny acquiring for the Debtors, billboard spaces, as alleged in the Complaint.  Moreover, Defendants never placed advertisements on billboards or on YouTube for the Debtors.

47.     Denied.  It is specifically denied that Media or Javier did anything to assist in any scheme or assist in opening any offices in India.  Media did buy advertising time for the Indian market.

48.     Denied.

49.     Denied.  After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

50.    Denied.  After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

**C.    Media Effective and Javier Torres.**

51.    Denied.  It is specifically denied that Javier, Media, or the other Defendants represented herein were "insiders," statutory or otherwise, or that Javier or Media was part of an "inner circle."  To be clear, Javier and Media were third-party vendors, not owners, employees, or insiders.  Neither Javier nor Media had any insider knowledge, information, or control.

52.    Denied as stated.  It is admitted that the Debtors spent money on media with Javier and Media.  It is specifically denied that the transactions were part of a Ponzi scheme of which Defendants were aware, were not at arm's length, or were intended to remove assets for the Debtors' estates.  All of the transfers to Defendants were for full value.  Javier and Media were third-party vendors acting under a contractual arrangement to acquire media time.  NRIA created the ads, copy, designs, content, etc. Media and Javier's role was simply to obtain the media space where the advertisements would run.

53.    Denied.  Media does not purport anything.  Media has provided invoices to the Trustee demonstrating that it did indeed place all of the advertising it contracted to provide the Debtors.  The complete accounting reveals the arm's length nature of the payments and includes canceled checks and invoices for the purchased time.

54.    Admitted that Javier was the sole employee of Media.

55.    Admitted.

56.     (a) – (g) Denied as stated.  Javier and Media received moneys from the Debtors which they used to buy media time.

57.     Denied.

58.     Denied.  Javier does not purport anything.  Javier, and then Media, contracted with the Debtors and did in fact obtain and sell media time to the Debtors in arm's length transactions.

59.     Denied.  Though Media conveyed the scripts to media companies, neither Torres nor Media was the scrivener, author or editor of those scripts.  The information in media came solely from the Debtors and their principals, who did not share any nefarious intention with Javier or Media.

60.     Denied.  The Trustee wrongful states Javier was a "promotor" which is incorrect and lacking evidentiary support.  If a script needed changes, they were provided by management.  Neither Javier nor Media were the progenitors of these advertisements.  To suggest that Javier was a promotor because he bought media time which was utilized to provide management's advertisements, does not make him a promotor.  Conspicuously absent is any allegation that Javier or Media knew of the alleged scheme.

61.     Denied.  This script, and every script that ever ran on any advertising platform, was created by the Debtors, not Javier or Media.  There was no "aid" provided by Defendants as to the content of any advertisement.

62.     Denied.  It is specifically denied Javier or Media played any role other than as a third-party vendor, unaware and without knowledge that the purchased time underlay an alleged unlawful scheme. Nothing happened "because of them." The advertisements were run,

and were running at the time of Javier's retention, on Fox Business, MSNBC, CBS, ABC, and others.

63.     Denied.  Defendants provided full value for any moneys they received form the Debtors.

64.     Denied.  After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.  Defendants are unaware of the finances of the Debtors but are aware that the advertising benefited the Debtors' estates greatly.  In these years, the Debtors began to run national ads.

65.     Denied.  It is specifically denied that the in-house hire was or could have performed the services being provided by Media.  Once hired, in-house personnel continued to use Media for advertising.  In-house employees monitored advertising expenditures and content, not Media.

66.     Denied.  The Debtors received value and fair exchange for any and all moneys paid to Javier and/or Media.  The services were beneficial and valuable.

67.     Denied.  The payments to Javier and Media were solely in payment for services of a third-party vendor, buying advertising time for the Debtors, expenditures for which they obtained substantial value, many multiples of what the Debtors' paid for advertising.

**D.      Fraudulent Transfers to the Defendants.**

68.     Denied.

69.     Admitted a subpoena was issued.  It is denied it was validly served.

70.     Admitted.

71.     Denied.  It is denied that the Trustee had any discussion with undersigned.

72.     Denied as stated.  Delay, if any, was caused by Defendants' prior counsel.
The Trustee has now received a full accounting of the payments and media time purchased on
Debtors' behalf.

73.     Denied.

74.     Denied.  After their reasonable investigation, Defendants are without
knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and
therefore it is denied.

75.     Denied.  After their reasonable investigation, Defendants are without
knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and
therefore it is denied.

76.     Denied.  After their reasonable investigation, Defendants are without
knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and
therefore it is denied.

77.     Denied.  The Trustee has now received a full accounting of the payments
and media time purchased on Debtors' behalf.

78.     Denied.

79.     Denied.  The allegations in this paragraph are legal conclusions to which
no response is required and therefore are denied.  By way of further answer, any transfers from
Media to Javier or from Javier to his family were from Media or Torres' profits, not from money
of the Debtors, which money was all used to purchase media time.

80.     Denied.  After their reasonable investigation, Defendants are without
knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and
therefore it is denied.

81.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required and therefore are denied.

82.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required and therefore are denied.

**E.     Javier Torres and Dora Dillman Purchase the
        Atlantic Highlands Property**

83.     Admitted.

84.     Admitted.

85.     Denied.  The home was purchased from profits made by Javier and Media, not from the Debtors' moneys.

86.     Denied as stated.  The Torres Family members are not active in the business of Javier and were only given interests as an estate planning mechanism.  No one other than Javier ran Media.

87.     Denied as stated.

**F.     Javier Causes Money to Be Transferred To His Accounts**

88.     (a) – (c).  Denied.  It is specifically denied that Defendants did not cooperate in providing information.  In fact, prior counsel was negotiating an NDA for the additional production but failed to do so.  Further, the Trustee concedes that Javier's prior counsel did produce records.  Since this Adversary was filed, the Defendants obligated to do so have provided full accountings of all money used to buy media time for the Debtors.

89.     (a) – (d)  Denied as stated.  Since this Adversary was filed, the Defendants obligated to do so, have provided full accountings of all money used to buy media time for the Debtors.

90.     Denied.

### G.        Javier Transfers Moneys To Torres Family Members

91.        Denied. Torres made transfers of gifts to his children from the profits in Javier's and Media's business. None of the alleged transfers was money of the Debtors. All of the Debtors' moneys had been used to purchase media time. Any moneys used or transferred were profits of Media or Javier and not the Debtors.

92.        Denied. After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

93.        Admitted that the individual members of the Torres Family, other than Javier, had no business with the Debtors.

### H.        Javier Transfers Money to His Churches

94.        Denied. After their reasonable investigation, Defendants are without knowledge, information, or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

95.        Denied. After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

### I.        Alleged Badges of fraud

96.        (a) – (c). Denied. After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied. By way of further answer, Defendants had difficulty finding suitable counsel for this engagement. Defendants have provided to the Trustee, a full accounting for every dollar received by Javier or Media from the Debtors.

97.     Denied.  Defendants have provided to the Trustee a full accounting for every dollar received by Javier or Media from the Debtors.

98.     Denied.  See answering paragraph 97.

99.     Denied.  It is denied the Trustee was forced to do anything in this case.

100.    Denied.  It is specifically denied that any assets were put beyond the reach of the Trustee as alleged.

101.    Denied.

102.    Denied.  It is specifically denied that Defendants "siphoned" funds, which implies the moneys were not used for legitimate purposes.  The Trustee has received a full accounting of moneys spent by the Debtors for media-related services.

103.    Denied. The allegations in this paragraph are legal conclusions to which no response is required.  It is specifically denied that the Trustee has brought any valid claims for recovery of payments made to Javier or Media, or any subsequent transfer to subsequent transferees, including the Torres Family.

## COUNT I – ACTUAL FRAUDULENT TRANSFERS
**Avoidance Pursuant to 11 U.S.C §548(a)(1)(A), 11 U.S.C. §544 and Applicable State Law
Including N.J.S.A. §25:2-25(a)(1) and 11 U.S.C. § 550 And 551
(All Defendants)**

104.    Defendants, and each of them, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

105.    Denied. The allegations in this paragraph are legal conclusions to which no response is required.  It is specifically denied that the Trustee has brought any valid claims for recovery of payments made to Javier or Media, or any subsequent transfer to subsequent transferees, including the Torres Family.

106. Denied. The allegations in this paragraph are legal conclusions to which no response is required. It is specifically denied that the Trustee has brought any valid claims for recovery of payments made to Javier or Media, or any subsequent transfer to subsequent transferees, including the Torres Family.

107. Denied. The allegations in this paragraph are legal conclusions to which no response is required. It is specifically denied that the Trustee has brought any valid claims for recovery of payments made to Javier or Media, or any subsequent transfer to subsequent transferees, including the Torres Family.

108. Denied. The allegations in this paragraph are legal conclusions to which no response is required. It is specifically denied that the Trustee has brought any valid claims for recovery of payments made to Javier or Media, or any subsequent transfer to subsequent transferees, including the Torres Family.

109. Denied. The allegations in this paragraph are legal conclusions to which no response is required. It is specifically denied that Javier or Media, or any subsequent transfer to subsequent transferees, including the Torres Family, engaged in any intentional wrongdoing.

110. Denied. Media and Javier received the transfers from the Debtors for value, in good faith and without notice. The transfers from Javier or Media to others and to the other Defendants were received in good faith without knowledge of any impropriety.

111. Denied. After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

112. Denied. The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT II – CONSTRUCTIVELY FRAUDULENT TRANSFERS
### Avoidance Pursuant to 11 U.S.C §548(A)(1)(B), 11 U.S.C. §544 and Applicable State Law
### Including N.J.S.A. §25:2-25(a)(2) and 25:2-27 (a)
### (All Defendants)

113.    Defendants, and each of them, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

114.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

115.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

116.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

117.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

118.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

119.    Denied.  After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

120.    Denied.  After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

121.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT III – AIDING AND ABETTING A SECURITIES FRAUD.
### State Law including N.J.S.A. §§ 49:3-52 and 49:3-71
### (Against Javier and Media Effective)

122.    Defendants, Javier and Media, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

123.    (a) – (c) Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

124.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

125.    Denied as stated.  Javier and Media were third-party vendors providing services in the nature of procuring contracts for media time on media outlets like Bloomberg, MSNBC, CBS, etc. that would allow the Debtors to run advertisements. Neither Javier nor Media presented any solicitation to any creditor, customer or investor of the Debtor.

126.    Denied.  It is specifically denied that Javier was an "agent" for the solicitation of investment into the Debtors and strict proof of this allegation is demanded at trial.

127.    Denied.  It is specifically denied that Javier or Media provided material aid to the alleged wrongdoers.

128.    Denied.  Neither Javier nor Media "advertised" – they sold time on media outlets.

129.    Denied.  It is specifically denied that Javier or Media knew of the untruths or omissions alleged to have been made by the Debtors' principals.

130.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

131.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

132.     Denied. The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT IV – FRAUD
### (Against Javier and Media Effective)

133.     Defendants, Javier and Media, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

134.     Denied.  It is specifically denied that Media or Javier made any statements to investors.

135.     Denied.  See Answering paragraphs 129 and 135.

136.     Denied.  See Answering paragraphs 129 and 135.

137.     Denied.  See Answering paragraphs 129 and 135.

138.     Denied.  See Answering paragraphs 129 and 135.

139.     Denied.  See Answering paragraphs 129 and 135.

140.     Denied.  See Answering paragraphs 129 and 135.

141.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

142.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT V – AIDING AND ABETTING IN FRAUD
### (Against Javier and Media Effective)

143.     Defendants, Javier and Media, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

145.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

146.    Denied.

147.    Denied.  After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

148.    Denied.  After their reasonable investigation, Defendants are without knowledge, information or belief sufficient to attest to the truth or falsity of this allegation and therefore it is denied.

149.    Denied.  Neither Javier nor Media were aware of any improper behavior by the Debtors' principals.  See also Answering paragraphs 129 and 135.

150.    Denied.  Neither Javier nor Media were aware of any improper behavior by the Debtors' principals.  See also Answering paragraphs 129 and 135.

151.    Denied.  See also Answering paragraphs 129 and 135.

152.    Denied.

153.    Denied.  See also Answering paragraphs 129 and 135. See also Answering paragraphs 129 and 135.

154.    Denied.  It is specifically denied that Javier wrote, edited, or a had any involvement in the content of the advertising placed by the Debtors.

155.    Denied.

156.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

157.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT VI – UNJUST ENRICHMENT
### (All Defendants)

158.    Defendants, and each of them, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

159.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

160.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

161.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

162.    Denied.  By way of further answer, the Debtors were enriched by the efforts of Javier and Media, generating hundreds of millions in investment dollars.  Neither Javier nor Media were aware of the alleged Ponzi scheme.

163.    Denied.  The Torres Family did not receive a single dollar directly from the Debtors.

164.    Denied.  The transfers of the Debtors to Media and Javier were for full value and a reasonable exchange.

165.    Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT VII – INJUNCTIVE RELIEF
### (Against All Defendants)

166.    Defendants, and each of them, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

167.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

168.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

169.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

170.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Denied.  Javier and Media have provided a full accounting of all money paid to either Defendant.

176.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

177.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

178.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

179.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

180.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

181.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT VIII – CONSTRUCTIVE TRUST
### (Against All Defendants)

182.     Defendants, and each of them, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

183.     Denied. The allegations in this paragraph are legal conclusions to which no response is required.

184.     Denied. The allegations in this paragraph are legal conclusions to which no response is required.

185.     Denied. The allegations in this paragraph are legal conclusions to which no response is required.

186.     Denied.  It is specifically denied that any of the Defendants engaged in fraud, and strict proof of the Trustee's allegations is demanded.

187.     Denied. The allegations in this paragraph are legal conclusions to which no response is required.

188.     Denied. The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT IX – ACCOUNTING
### (Against Media and Javier)

189.     Defendants, Javier and Media, incorporate by reference the allegations in the forgoing Answering paragraphs as if set forth fully herein and at length.

190.    Denied. The allegations in this paragraph are legal conclusions to which no response is required.

191.    Denied.

192.    Denied as stated.  Javier and Media have no records of the Debtors but have records of his and Media's business with the Debtors.

193.    Denied.

194.    Denied. The allegations in this paragraph are legal conclusions to which no response is required.

195.    Denied. The allegations in this paragraph are legal conclusions to which no response is required.

## RESERVATION OF RIGHTS

196.    Denied that the Trustee is entitled to reserve any rights under New Jersey's Entire Controversy Rules.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Trustee fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred to the extent of any applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Trustee fails to plausibly allege sufficient facts to establish that the alleged transfers were made with an actual intent to hinder, delay or defraud.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that the Defendants received any of the transfers alleged in the Complaint, they did so in good faith, for value and without knowledge.

### FIFTH AFFIRMATIVE DEFENSE

Defendants gave value and acted in good faith with respect to all of the transfers at issue in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Defendants had no knowledge of any fraud allegedly committed by the Debtors or anyone else, and had no reason to know of any fraud allegedly committed by the Debtors or anyone else

### SEVENTH AFFIRMATIVE DEFENSE

The Trustee has not plausibly alleged that the Debtors received less than reasonably equivalent value in exchange for the alleged transfers or that they were made while the Debtors were insolvent.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants provided reasonably equivalent value in exchange for any of the transfers made as alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Defendants gave value and acted in good faith with respect to all of the transfers at issue in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

The demands set forth in the Complaint are contrary to objectives of the Bankruptcy Code and public purpose.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert that to the extent that the Debtors' estates are administratively insolvent, the efforts of the Trustee to avoid and recover alleged transfers is inconsistent with the objectives of the Bankruptcy Code in that any recoveries will be directed solely to the payment of professional fees and other administrative expenses and will not be applied to the payment of general unsecured claims as is required and contemplated under the Bankruptcy Code.

## TWELFTH AFFIRMATIVE DEFENSE

The Trustee failed to plausibly allege that the Debtors were operated as a Ponzi scheme.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in a manner that was proper, reasonable, lawful, diligent, and in the exercise of good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by the Debtors, its estates or its creditors are the result of the acts and omissions of third parties over whom Defendants had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Trustee's claims are barred, limited, or reduced to the extent he has settled with other parties or defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants preserve such other affirmative defenses that may become available to them. Defendants allege that they do not have sufficient information to enable them to form a belief as to whether they have additional, as yet unstated, affirmative defenses. For example, Defendants may have equitable defenses such as laches, estoppel, subordination, waiver, unclean hands,

setoff, recoupment, etc. that defeat the Complaint in whole or in part. Defendants reserve the right to assert such defenses in the event that discovery indicates the defense is appropriate.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that one or more of Defendants are determined to be a mediate or immediate transferee under section 550(a) of the Bankruptcy Code (which is denied) the Trustee's claims against Defendants are barred under section 550(b) of the Bankruptcy Code because (i) Defendants took for value, in good faith, and without knowledge of the voidability of the transfer(s) the Trustee seeks to avoid, and/or (ii) Defendants are an immediate or mediate good faith transferee of a transferee that took for value, in good faith, and without knowledge of the voidability of the transfer(s) the Trustee seeks to avoid.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Trustee lacks standing to seek the avoidance of the alleged transfers as the Debtors never had an equitable interest in the funds as they were held in trust for the benefit of the alleged investors.

## NINETEENTH AFFIRMATIVE DEFENSE

The Trustee lacks standing to bring claims of individuals allegedly injured by the Debtors' alleged violation of State and Federal securities laws.

## TWENTIETH AFFIRMATIVE DEFENSE

The Debtors were not insolvent at the relevant times of the transfers, particularly in 2016 through 2018.

## TWENTY FIRST AFFIRMATIVE DEFENSE

The alleged ten (10) year Statute of Limitations is in applicable in this case.

**WHEREFORE,** Defendants, and each of them, pray this Court enter an order in their favor, dismissing the claims of the Trustee and providing such other and further relief as the court deems just and equitable.

Respectfully submitted,

Dated: March 7, 2024        __/s/Edmond M. George_____
                                          Edmond M. George, Esquire
                                          OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                          1120 S NJ 73
                                          Suite 420
                                          Mount Laurel, NJ  08054
                                          *Counsel to Defendants Javier Torres, Media Effective,*
                                          *LLC, Dora Dillman, Javier Torres, Jr., Natalia Torres,*
                                          *Paulina Torres.*

## JURY DEMAND

Defendants demand a jury trial on all claims to which Defendants are entitled to a jury, including the claim in Count III (Aiding and Abetting Securities Fraud), Count IV (Fraud), Count V (Aiding and Abetting Fraud), and Count IV (Unjust Enrichment).

Dated: March 7, 2024        __/s/Edmond M. George_____
                                           Edmond M. George, Esquire
                                          OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
                                          1120 S NJ 73
                                          Suite 420
                                          Mount Laurel, NJ  08054
                                          *Counsel to Defendants Javier Torres, Media Effective,*
                                          *LLC, Dora Dillman, Javier Torres, Jr., Natalia Torres,*
                                          *Paulina Torres.*