UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVIER TORRES,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>INVESTORS BANK BANK/ aka INVESTORS SAVINGS BANK; JOHN DOES I-X,<br><br>　　　　Defendants. | HON.<br>Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

　　　　Javier Torres, of full age, hereby Complains of Defendant as follows:

### JURISDICTION AND VENUE

1.　Jurisdiction is appropriately laid in the United States District Court, District of New Jersey pursuant to 28 USC 1331 as the claim in question is based upon a federal statute and Federal Question Jurisdiction.

2.　Venue is appropriately laid in the District Court of New Jersey pursuant to 28 USC1391(b)(2) as the events giving rise to the claim occurred substantially within the State of New Jersey.

### PARTIES

3.　Plaintiff Javier Torres ("Plaintiff") owns and resides at the real property located at 50 Werimus Road Woodcliff

EXHIBIT 135

Lake, NJ 07677.

4. Investors Bank a/k/a Investors Savings Bank, alleges to be the owner of the mortgage loan in question. Defendant maintains its principal place of business at 101 JFK Parkway Short Hills, NJ 07078.

## COUNT I

**Violation of the Truth in Lending Act 15 U.S.C. 1602 et seq.**

5. Plaintiff Javier Torres is the owner and resident of real property located at 50 Werimus Road, Woodcliff Lake, NJ 07677.

6. On October 28, 2005 Plaintiff executed a promissory note payable to the order of ABN Amro Mortgage Group, Inc.

7. The promissory note is secured by a mortgage also executed to ABN Amro Mortgage Group, Inc.

8. After the loan closed, ABN Amro Mortgage Group, Inc. sold the promissory note and mortgage.

9. Due to unexpected economic circumstances, Plaintiff defaulted on the loan obligation on or about February 1, 2010.

10. Eventually the loan consisting of the promissory note and mortgage were sold to Investors Savings Bank.

11. On November 8, 2010 CitiMortgage, Inc. filed a foreclosure debt collection action under New Jersey docket F-054827-10.

12. The 2010 foreclosure was dismissed on December 15, 2011 by stipulation entered into between Citimortgage, Inc. and Plaintiff Torres.

13. Plaintiff does not know the exact date the loan was sold to its current owner Investors Bank, however it is believed that the sale took place after conclusion of the 2010 foreclosure action.

14. CitiMortgage, Inc. remains the loan servicing company.

15. On November 20, 2014 CitiMortgage, Inc. executed an assignment of mortgage allegedly transferring ownership of the promissory note and mortgage to Investors Bank. A copy of the assignment which was recorded in Bergen County on December 4, 2014 is attached hereto as **Exhibit A**.

16. The assignment of mortgage states "The transfer of the mortgage and accompanying rights was effective at the time the loan was sold and consideration passed to the Assignee. This assignment is solely intended to describe the instrument sold in a manner sufficient to put third parties on public notice of what has been sold."

17. At no time prior to or after the November 2014 Assignment of Mortgage was executed did Investors Bank send any written correspondence to Plaintiff disclosing that it acquired the loan that is the subject of this litigation.

18. On January 13, 2015 Investors Bank filed a debt collection foreclosure complaint under New Jersey docket F-01463-15 which was served upon Plaintiff in early February 2015.

19. Pursuant to 15 U.S.C. 1641(g) *"not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--*
    a. *(A) the identity, address, telephone number of the new creditor;*
    b. *(B) the date of transfer;*
    c. *(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
    d. *(D) the location of the place where transfer of ownership of the debt is recorded; and*
    e. *(E) any other relevant information regarding the new creditor."*

20. Investors Bank did not send Plaintiff a written disclosure containing the information required by 15 U.S.C. 1641(g).

21. Within 30 days execution of the November 20th, 2014 assignment of mortgage, Investors Bank was obligated under federal law to issue a written disclosure to Plaintiff identifying its status as "assignee."

22. Within 30 days of the actual sale and/or transfer Investors Bank was obligated to disclose the sale and/or transfer to Plaintiff in writing and failed to do so.

23. As a result of the actions of Investors Bank, Plaintiff is entitled to all relief under 15 U.S.C. 1640(a) including but not limited to statutory damages, actual damages, attorney fees and costs of suit.

**WHEREFORE,** Plaintiff demands:

a. Compensatory Damages

b. Statutory Damages

c. Attorneys fees and costs

d. All other relief this Court determines to be just and fair.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

DENBEAUX & DENBEAUX
Attorneys for Plaintiffs

Dated:    March 4, 2015            /s/ Adam Deutsch
                                   Adam Deutsch, Esq.
                                   DENBEAUX & DENBEAUX
                                   Attorneys for Plaintiff
                                   Javier Torres

# Exhibit A

Return To:
CT LIEN SOLUTIONS
PO BOX 29071
GLENDALE, CA 91209-9071

This instrument prepared by:
CITIMORTGAGE, INC
LAURA JONES
1000 TECHNOLOGY DRIVE, MS 321
O'FALLON, MO
63368-2240



14-080529    Assignment of Mortgage
V Bk: 01806 Pg: 0588-0591    Rec. Fee $63.00
John S. Hogan, Bergen County Clerk
Recorded 12/04/2014  10:07:00 AM



## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, CitiMortgage, Inc. successor by merger to ABN AMRO Mortgage Group, Inc. , the undersigned, as beneficiary or successor thereto, whose address is 1000 Technology Drive, O'Fallon, MO, 63368 , hereinafter "Assignor" , hereby grants, conveys, assigns and transfers unto Investors Bank , hereinafter, "Assignee" , whose address is 101 JFK Parkway, Short Hills, NJ, 07078 , all beneficial interest under that certain Mortgage dated 10/28/2005 . Said Mortgage is recorded in the State of New Jersey, County of Bergen County .

Mortgage Recorded: 11/04/2005
Original Mortgagors: Javier Torres and Dora M. Dillman
Original Loan Amount: $650,000.00
Recorded as: Book: 15119 Page: 259 Instrument No: 150996
Property Address: 50 Werimus Rd, Woodcliff Lake, NJ, 07677
Township: Borough of Woodcliff Lake
Description/Additional information: See Exhibit A

The transfer of the mortgage and accompanying rights was effective at the time the loan was sold and consideration passed to the Assignee. This assignment is solely intended to describe the instrument sold in a manner sufficient to put third parties on public notice of what has been sold.

TO HAVE AND TO HOLD the same unto the said Assignee, its successor and assigns, forever subject only to all the provisions contained in the said Mortgage and the Bond, Note or other Obligation, as defined in the Mortgage. And the said Assignor hereby constitutes and appoints the Assignee as the Assignor's true and lawful attorney, irrevocable in law or in equity, in the Assignor's name, place and stead but at the Assignee's cost and expense to have, use and take all lawful ways and means for the recovery of all the said money and interest; and in case of payment, to discharge the same as fully as the Assignor might or could do if these presents were not made.

I AGREE TO THE TERMS OF THIS ASSIGNMENT.

Date: 11-20-14
CitiMortgage, Inc. successor by merger to ABN AMRO Mortgage Group, Inc.
(the Assignor)
By: _____
Name: Sandra West
Title: Assistant Vice President

STATE OF MISSOURI, ST. CHARLES COUNTY

On \_\_\_11-20-14\_\_\_ before me, the undersigned, a notary public in and for said state, personally appeared **Sandra West, Assistant Vice President of CitiMortgage, Inc. successor by merger to ABN AMRO Mortgage Group, Inc.** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Laura M. Jones
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Charles County
My Commission Expires: March 19, 2016
Commission Number: 12316868

Notary Public Laura M. Jones

Commission Expires: 03/19/2016