# **DEFENDANTS' EXHIBIT 1**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis T. DeLucia<br>Alyson M. Fiedler<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: (212) 835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>Aneca E. Lasley (admitted pro hac vice)<br>John C. Cannizzaro (admitted pro hac vice)<br>250 West Street, Suite 700<br>Columbus, Ohio 43215<br>Phone: (614) 462-1085<br>aneca.lasley@icemiller.com<br>john.cannizzaro@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust.* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>     Defendants. | Adv. Pro. No. 23-1335-JKS |

**JOINT STIPULATION OF FACTS REGARDING**
**PRELIMINARY INJUNCTION HEARING**

On agreement and stipulation of Plaintiff AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust and Defendants Javier Torres, Dora Dillman, Javier Torres, Jr., Natalia Torres, and Paulina Torres (the "Torres Defendants"), and Media Effective, LLC ("Media Effective" and collectively with the Torres Defendants, "Defendants"), each by and through their undersigned counsel, respectfully stipulate as follows:

1. Media Effective LLC ("Media Effective") is a New Jersey limited liability company.

2. Javier Torres founded Media Effective, a marketing agency that assists clients with coordinating and integrating television, radio, and digital marketing campaigns.

3. Prior to being formed as a limited liability company on or around September 27, 2019, Javier Torres operated Media Effective as a sole proprietorship from at least January 1, 2012.

4. Javier Torres is Media Effective's Founder and Director.

5. Javier Torres is an individual who resides at 148 Bayside Dr., Atlantic Highlands, NJ 07716.

6. Dora Dillman is an individual who also resides at 148 Bayside Dr., Atlantic Highlands, NJ 07716. Ms. Dillman and Javier Torres are husband and wife.

7. Javier Torres, Jr. is the son of Javier Torres and Dora Dillman and is a 1% owner and member of Media Effective.

8. Natalia Torres is the daughter of Javier Torres and Dora Dillman and is a 1% owner and member of Media Effective.

9. Paulina Torres is the daughter of Javier Torres and Dora Dillman and is a 1% owner and member of Media Effective.

10. Javier Torres is the managing member of Media Effective.

11. From January 2012 until June 2021, Javier Torres operated Media Effective out of his home located at 50 Werimus Rd., Woodcliff Lake, New Jersey ("Werimus Road Property").

12. In June 2021, Javier Torres and his wife, Defendant Dora Dillman, purchased a property in Atlantic Highlands, New Jersey having an address of 148 Bayside Drive, Atlantic Highlands, New Jersey (the "Atlantic Highlands Property").

13. The Atlantic Highlands Property was purchased for $1,575,000 in cash.

14. From June 2021, Javier Torres operated Media Effective out of his Atlantic Highlands Property.

15. At all times, Javier Torres was the only employee of Media Effective.

16. Neither Javier Torres nor Media Effective were the exclusive providers of media related services to NRIA.

17. Javier Torres testified that Thomas Nicholas "Nick" Salzano ("Salzano") made media purchasing and advertising content decisions.

18. After NRIA became a client of Media Effective in 2012, Javier Torres tried for a couple of years to obtain additional clients but was unsuccessful.

19. NRIA was engaged in direct respon.se advertising, which is advertising that an advertiser makes that requires a "call to action".

20. With direct response advertising, you need a persuasive, creative ad because you need to create the call to action. You also need frequency because you need to get to your potential customer familiar with your company.

21. For these investments, Salzano defined a target demographic that he wanted NRIA's advertisements to reach and provided that information to Javier Torres. Specifically,

3

Salzano wanted to reach men, aged 50 and older, with one million dollars in assets, and annual income of $250,000 or more.

22.   Upwards of 90% of advertisement purchases for NRIA by Media Effective were made through Hybrid Media. Hybrid Media was Media Effective's main vendor.

23.   Hybrid Media charged a commission on advertising sales.

24.   Media Effective provided invoices that listed the stations or networks on which the advertisements ran, the frequency of those advertisements, and the timeframe in which they ran, as well as the charges for advertising.

25.   Media Effective's average markup was at least 33% on certain sales of media.

26.   Media Effective stopped performing work for NRIA in January or February of 2022.

27.   From the inception of the relationship between Javier Torres and Media Effective by NRIA, the Debtors paid Media Effective and Javier Torres approximately $38 million.

28.   From 2016 through 2022, the Debtors transferred approximately $36,522,290 to Media Effective as follows:

   a.   2016 - $667,000
   b.   2017 - $886,000
   c.   2018 - $2,063,000
   d.   2019 - $3,046,000
   e.   2020 - $12,618,000
   f.   2021- $16,114,000
   g.   2022 - $1,125,000

29. Debtors paid Media Effective approximately $34,486,210 on and after June 7, 2018.

30. Media Effective, in turn, paid media buyers, and primarily Hybrid Media. From 2016 through 2022, Media Effective paid its media buyers approximately $23.5 million.

31. For the time period of 2016 through 2022, Media Effective made almost $13 million in profits.

32. The Debtors paid Media Effective initially bi-weekly, and then eventually weekly, by check.

33. The Debtors paid invoices for advertising in advance.

34. Salzano insisted that Javier Torres personally come into the NRIA office to pick up Media Effective's checks.

35. Later in 2021, Salzano stopped coming into the NRIA offices.

36. On the few occasions when Javier Torres could not pick up Media Effective's checks personally, Torres arranged for his wife or daughters to make the pick up.

37. Javier Torres testified that he did not learn of Nick Salzano's March 4, 2021 arrest until sometime at the end of 2021.

38. Money from the Debtors was deposited or transferred into each of the following accounts:

| # | Account Type | Account Name | Financial Institution | Account Number | Status |
|---|---|---|---|---|---|
| 1 | Bank Account | Javier Torres & Dora Dillman | Bank of America | 6343 | |
| 2 | Bank Account | Media Effective LLC | Bank of America | 6005 | |
| 3 | Bank Account | Spanish Englewood 7th Day Adventist | Bank of America | 0018 | Received |
| 4 | Investment Account | Javier Torres | Charles Schwab | Any accounts other than 5940 | |
| 5 | Investment Account | Javier Torres | Charles Schwab | 5940 | Received |
| 6 | Investment Account | Unknown | Fidelity Investments | Unknown | |
| 7 | Bank / Investment Account | Javier Torres | JPMorgan Chase Bank | Unknown | |
| 8 | Investment Account | Javier Torres | TD Ameritrade Clearing Inc. | 544 | Received |
| 9 | Investment Account | Javier Torres | TD Ameritrade Clearing Inc. | 2147 | Received |
| 10 | Investment Account | Unknown | TD Ameritrade Clearing Inc. | 6023 | |
| 11 | Bank Account | Javier S Torres and Dora M Dillman | TD Bank | 1798 | Received |
| 12 | Bank Account | Javier Torres | TD Bank | 1146 | Received |
| 13 | Bank Account | Javier Torres | TD Bank | 5197 | Received |
| 14 | Bank Account | Javier Torres DBA Centro De Ayuda Financiera | TD Bank | 7317 | Received |
| 15 | Bank Account | Media Effective LLC | TD Bank | 5466 | Received |
| 16 | Bank Account | Media Effective LLC | TD Bank | 0941 | Received |
| 17 | Bank Account | Socios and Partners | TD Bank | 7948 | Received |
| 18 | Bank Account | Javier Torres | Wells Fargo | 4142 | Received |

J. Torres Dep. Ex. 3.

39. Javier Torres has caused Media Effective to transfer funds Media Effective received from Debtors to various family members, including for example:

   a. In February 2017, Media Effective paid a total of $255,000 to Natalia Torres;

   b. On or about February 28, 2018, Media Effective paid $2,000 to Fabio Dillman;

   c. Between May 2019 and December 2019, Media Effective paid a total of $27,745 to Ana Belen Torres; and

   d. On or about June 22, 2020, Media Effective paid $3,400 to Paulina Torres.

40. In addition to the transfers in (a) – (d) above, Javier Torres has invested money in a restaurant business in Colombia owned by his brother and a construction business in Colombia owned by his sister. According to Javier Torres, he has invested approximately $40,000 in the restaurant business and approximately $500,000 in the construction company.

41. None of the Torres family members were employed by Media Effective or performed any work for Debtors and were owners in name only.

6

42. From approximately 2009 through 2023, Javier Torres was the Treasurer of the Englewood Spanish Church, an elected position.

43. From January 2016 through January 2022 (shortly before the bankruptcy filing), Javier Torres caused Media Effective to transfer approximately $555,000 to the Englewood Spanish Church.

44. Between 2019 and 2021, Javier Torres purchased two Tesla vehicles and a Subaru.

45. Alvarez & Marsal Investigations, LLC ("Alvarez") and William Waldie ("Waldie") are in the process of completing but have not completed a balance sheet insolvency analysis for Debtors.

46. The financial records of NRIA are not accurate and in many instances incomplete or fraudulent.

47. Since January or February of 2022 when Media Effective ceased working for NRIA, Media Effective and/or Javier Torres made the following transfers of funds:

   a. On or around April 12, 2022, $58,000 from the Media Effective – TD Bank x5466 account to TD Ameritrade;

   b. On or around August 4, 2022, $1,050,000 from the Media Effective – TD Bank x0941 account to Charles Schwab;

   c. On or around August 16, 2022, $1,500,000 from the Media Effective – TD Bank x0941 account to Charles Schwab;

   d. On or around September 9, 2022, $600,000 from the Media Effective – TD Bank x5466 account to Charles Schwab;

   e. On or around November 8, 2022, $1,600,000 from the Javier Torres – TD Bank x1146 account to Fidelity Investments;

f.  On or around December 21, 2022, $900,000 from the Javier Torres – TD Bank x1798 account to Fidelity Investments;

g.  On or around December 30, 2022, $450,000 from the Javier Torres – TD Bank x1798 account to Fidelity Investments;

h.  On or around January 3, 2023, $450,000 from the Javier Torres – TD Bank x1798 account to Charles Schwab;

i.  On or around January 24, 2023, $100,000 from the Media Effective – TD Bank x0941 account to Charles Schwab;

j.  On or around January 24, 2023, $400,000 from the Media Effective – TD Bank x5466 account to Fidelity Investments;

k.  On or around January 24, 2023, $200,000 from the Javier Torres – TD Bank x1798 account to Charles Schwab;

l.  On or around April 19, 2023, $245,000 from the Javier Torres – TD Bank x1146 account to Fidelity Investments;

m.  On or around June 30, 2023, $300,000 from the Javier Torres – TD Bank x1798 account to Charles Schwab;

n.  On or around July 6, 2023, $300,000 from the Javier Torres – TD Bank x1798 account to Fidelity Investments;

o.  On or around June 13, 2022, a $15,000 check was written from the Media Effective – TD Bank x0941 account to the Javier Torres – Wells Fargo x4142 account;

p.  On or around September 14, 2022, a $20,000 check was written from the Media Effective – TD Bank x0941 account to the Javier Torres – Wells Fargo x4142 account;

8

q. On or around September 16, 2022, a $9,000 check was written from the Media Effective – TD Bank x0941 account to the Javier Torres – Wells Fargo x4142 account;

r. On or around September 16, 2022, a $28,000 wire transfer was sent from the Javier Torres – Wells Fargo x4142 account to a Torres account at Bancolombia;

*[Signature Page to Follow]*

Dated: April 5, 2024

**Stipulated and agreed to by:**

| | |
|---|---|
| */s/ Aneca E. Lasley* | */s/ Edmond M. George* |
| Louis. T. DeLucia, Esq. | Edmond M. George, Esq. |
| Alyson M. Fiedler, Esq. | Michael D. Vagnoni, Esq. (admitted pro hac vice) |
| ICE MILLER LLP | OBERMAYER REBMANN MAXWELL & HIPPEL LLP |
| 1500 Broadway, Suite 2900 | 1120 Route 73, Suite 420 |
| New York, NY 10036 | Mount Laurel, NJ 08054-5108 |
| Phone: (212) 835-6312 | Telephone: (856) 795-3300 |
| louis.delucia@icemiller.com | Facsimile: (856) 482-0504 |
| alyson.fiedler@icemiller.com | E-mail: edmond.george@obermayer.com |
| | |
| Aneca E. Lasley (admitted pro hac vice) | *Counsel to Defendants, Javier Torres, Media Effective, LLC, Dora Dillman, Javier Torres, Jr., Natalia Torres, and Paulina Torres* |
| John C. Cannizzaro (admitted pro hac vice) | |
| ICE MILLER LLP | |
| 250 West Street, Suite 700 | |
| Columbus, Ohio 43215 | |
| Phone: (614) 462-1085 | |
| aneca.lasley@icemiller.com | |
| john.cannizzaro@icemiller.com | |
| | |
| *Counsel to Plaintiff AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN LIQUIDATION TRUST* | |

9