# **<u>DEFENDANTS' EXHIBIT 11</u>**

Case 23-01335-JKS    Doc 28-75    Filed 01/10/24    Entered 01/10/24 23:52:30    Desc
Declaration of Cannizzaro Ex. 1 - Motion Page 1 of 3

Case 23-01335-JKS    Doc 23-5    Filed 01/10/24    Entered 01/10/24 23:18:36    Desc
Defendants Ex. 11 Page 2 of 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ICE MILLER LLP**
Louis T. DeLucia
Alyson M. Fiedler
1500 Broadway, Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

Aneca E. Lasley (admitted pro hac vice)
John C. Cannizzaro (admitted pro hac vice)
250 West Street, Suite 700
Columbus, Ohio 43215
Phone: (614) 462-1085
aneca.lasley@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust*

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered) |
| AIRN LIQUIDATION TRUST CO., LLC, as Liquidation Trustee of the AIRN LIQUIDATION TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>MEDIA EFFECTIVE LLC, *et al.*,<br><br>        Defendants. | Adv. Pro. No. 23-1335-JKS<br><br>**Hearing Date: January 18, 2024 at 11:00 a.m. (EST)** |

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

**DECLARATION OF GLENN A. LA MATTINA IN SUPPORT OF THE LIQUIDATION TRUSTEE'S OBJECTION TO THE EXPEDITED MOTION OF JAVIER TORRES, MEDIA EFFECTIVE, DORA DILLMAN, JAVIER TORRES, JR., NATALIA TORRES, AND PAULINA TORRES TO DECLARE TEMPORARY RESTRAINING ORDER DATED NOVEMBER 22, 2023, DISSOLVED**

I, Glenn A. La Mattina, having been first duly sworn upon an oath state:

1. I am an adult over the age of 18, and I have personal knowledge of and am competent to testify to the facts set forth in this declaration.

2. I submit this Declaration in support of the *Liquidation Trustee's Objection to the Expedited Motion of Javier Torres, Media Effective, Dora Dillman, Javier Torres, Jr., Natalia Torres, and Paulina Torres to Declare Temporary Restraining Order Dated November 22, 2023 Dissolved* (the "Objection").

3. The statements made by me herein are based on my personal knowledge and experience.

4. In May 2018, I was hired by National Realty Investment Advisor ("NRIA") to serve as its Vice President of Operations. I served in that role until 2019 when I was named NRIA's Senior Vice President of Global Operations—a role that I held through 2021 until I became the Chief Operating Officer and was ultimately laid off. As the Senior Vice President of Global Operations, I took my directions principally from Thomas Nicholas "Nick" Salzano ("Nick Salzano").

5. In my roles as Vice President and Senior Vice President of Global Operations, I oversaw many aspects of NRIA's day-to-day operations and frequently travelled abroad to help attract new investors. One of my duties was to oversee NRIA's advertising services.

6. Generally, when someone at NRIA, usually Nick Salzano, had an idea for a new advertisement, I would submit bids to two or three advertising companies to assess the cost of

2

implementing the idea. I was instructed by Nick Salzano to include Media Effective LLC ("Media Effective") in every bid solicitation. Whenever I solicited bids, nine times out of ten, Media Effective would propose bids that were much more expensive. Typically, Media Effective's bids would include a forty-percent profit margin, whereas the other companies would offer bids in the range of a ten to twelve percent profit margin. In other words, for the same work, Media Effective's bid was almost always significantly more expensive.

7. I opposed using Media Effective because the cost to NRIA was always substantially more than the cost of such services by other competent bidders for the same services. But for reasons unknown to me, Nick Salzano, whose criminal trial begins on March 5, 2024 for running NRIA as a massive Ponzi scheme, mandated that we use Media Effective.

8. Nick Salzano would insist that NRIA select Media Effective's bid.

9. On numerous occasions, I raised this cost issue with Nick Salzano and suggested that NRIA choose the least expensive bid option for its advertisements. Nick Salzano, however, dismissed my concerns and always directed that I award the work to Media Effective. Nick Salzano insisted on Media Effective because "he trusted Javier Torres."

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 17, 2024
Lincoln Park, New Jersey

*Glenn La Mattina*
Glenn A. La Mattina

3